| | |
|---|---|
| 1 | DAVID GROSSMAN (SBN 211326) |
| | dgrossman@loeb.com |
| 2 | TYLER DOWNING (SBN 339537) |
| | tdowning@loeb.com |
| 3 | LOEB & LOEB LLP |
| | 10100 Santa Monica Boulevard, Suite 2200 |
| 4 | Los Angeles, California 90067-4120 |
| | Telephone:  310-282-2000 |
| 5 | Facsimile:  310-282-2200 |
| 6 | Counsel for Defendant |
| | DREW DESBORDES |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY PARHAM, JANE DOE, and JOHN DOE, | Case No. 3:24-CV-07191-RFL |
| Plaintiffs, | Assigned to Hon. Rita F. Lin |
| vs. | **ADMINISTRATIVE MOTION OF DREW DESBORDES TO FILE UNDER SEAL CERTAIN DOCUMENTS IN MOTION FOR SANCTIONS** |
| SEAN COMBS, KRISTINA KHORRAMN, SHANE PEARCE, RUBEN VALDEZ, JOHN PELLETIER, ODELL BECKHAM JR., DREW DESBORDES, JACQUELYN WRIGHT, HELENA HARRIS-SCOTT, MATIAS GONZALEZ, BRANDI CUNNINGHAM, JANICE COMBS, KEITH LUCKS, and JOHN AND JANE DOES 1-10, | |
| | Complaint Filed:    10/15/24 |
| Defendants. | |

Defendant Drew Desbordes respectfully requests an order sealing certain unredacted documents which are being filed in connection with Mr. Desbordes's Declaration in support of his motion for Rule 11 sanctions ("Desbordes Decl."). The Confidential Documents contain confidential and personal information of Mr. Desbordes and third parties.

This motion is made pursuant to Civil Local Rules 7-11 and 79-5. The unredacted versions of the Confidential Documents are attached to the declaration of David Grossman attached hereto ("Grossman Decl."), with the redactions highlighted per the Court's Civil Standing Order. The redactions are also identified in the accompanying proposed order.

## ARGUMENT

A party must assert a "compelling reason" to seal judicial records attached to a motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Protecting third party privacy interests is a compelling reason permitting sealing. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 U.S. Dist. LEXIS 26519 at *3 (N.D. Cal. Mar. 4, 2015) (noting that "invasion of [a] third party's privacy" constitutes a compelling reason to file an exhibit under seal); *see also Virun, Inc. v. Cymbiotika, LLC*, 2022 U.S. Dist. LEXIS 172312, at *7 (C.D. Cal. Aug. 19, 2022) (explaining court regularly allowing sealing of names of third parties "whose identities are not generally known to the public and who have an interest in maintaining their privacy" (cleaned up)). As is protecting the personal identifying information and financial account numbers of a party. *See Berton v. Aetna, Inc.*, 2024 U.S. Dist. LEXIS 35556, at *21 (N.D. Cal. Feb. 9, 2024) (sealing of party home address, telephone number and other personally-identifiable information proper); *Compeer Fin. Aca v. Graham*, 2025 U.S. Dist. LEXIS 71758, at *4 (E.D. Cal. Apr. 15, 2025) (collecting cases finding compelling reasons for sealing of plaintiff and third party financial and personal identifying information).

Here, the information sought to be redacted is narrowly tailored to fall within those categories:

- Mr. Desbordes's personally-identifiable information (date of birth, social security number), Exhibit 5 at 2, Exhibit 6 at 2;
- Street addresses of Mr. Desbordes and other individuals, Exhibit 1 at 1, Exhibit 5 at 2, Exhibit 6 at 2, Exhibit 11 at 1;
- The last four digits of Mr. Desbordes's and others telephone numbers, Exhibit 10 at 1-4, Exhibit 11 at 3-4;
- Financial and telephone account numbers, Exhibit 1 at 1-2, , Exhibit 10 at 1-4, Exhibit 11 at 1-4;
- Third party names, Exhibit 1 at 2.

No purpose would be served by disclosing the private contact or financial information of Mr. Desbordes or third parties. While Mr. Desbordes was not a public figure at the time of the events discussed in Plaintiffs allegations, he is now. Grossman Decl. ¶ 3. This case has been covered in the media. Grossman Decl. ¶ 4. Releasing Mr. Desbordes' and his associates' telephone numbers, financial account numbers, addresses, or other identifying information would put them at risk of identity theft or other disruption. *See Nursing Home Pension Fund v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 84000, at *10-11 (N.D. Cal. Oct. 31, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."). And portions of the information sought to be filed under seal, including the residential addresses, is independently permitted to be redacted per Federal Rule of Civil Procedure 5.2 and L.R. 5.2-1.

## CONCLUSION

For the foregoing reasons, Mr. Desbordes respectfully requests that the Court permit him to file certain documents under seal as specified in the proposed order submitted concurrently.

1  Dated: May 9, 2025                    LOEB & LOEB LLP

2
                                         By: */s/ David Grossman*
3                                            David Grossman
                                             Attorneys for Defendant Drew Desbordes
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28