Shawn R. Perez, Esq. (CSBN 164228)
**Law Offices of Shawn R. Perez**
7121 W. Craig Road, #113-38
Las Vegas, Nevada 89129
(949) 492-9545 Telephone
(702) 485-3977 Telephone
shawn711@msn.com

Ariel Mitchell, Esq. *(pro hac vice)*
**The Law Office of Ariel Mitchell, P.A.**
500 NW 2nd Ave. #12864
Miami, FL 33101
Tel: (305) 903-5851
ariel@arielesq.com

*Attorneys for Plaintiff Ashley Parham*

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY PARHAM, JANE DOE, and JOHN DOE, | Case No.: 3:24-cv-07191-RFL |
| Plaintiffs, | Assigned to Hon. Rita F. Lin |
| SEAN COMBS,  KRISTINA KHORRAM, SHANE PEARCE, RUBEN VALDEZ, JOHN PELLETIER, ODELL BECKHAM JR., DREW DESBORDES, JACQUELYN, WRIGHT, HELENA HARRIS-SCOTT, MATIAS GONZALEZ, BRANDI CUNNINGHAM, JANICE COMBS, KEITH LUCKS, and JOHN AND JANE DOES 1-10, | **OPPOSITION TO MOTION FOR IMPOSITION OF SANCTIONS PURSUANT TO FED. R. CIV. P. RULE 11**<br><br>Date:<br>Time:<br>Crtrm: |

Plaintiffs and their counsel, Ariel Mitchell and Shawn R. Perez hereby oppose Defendant Drew Desbordes' ("Desbordes") Motion for the Imposition of Sanctions Pursuant to Rule 11.

This opposition is based upon the following Memorandum of Points and Authorities and the Declaration of Ariel Mitchell filed concurrently herewith.

///

///

///

1

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.   FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       A.    DEFENDANT'S MOTION MUST BE DENIED . . . . . . . . . . . . . . . . . . . 6

             1. Rule 11 is not a Substitute for Dispositive Motions or Trial . . . . . . . . . 6

             2.    Counsel for Plaintiff Conducted a Reasonable Inquiry and
                   Undertook an Independent Examination to Assess the Veracity of the
                   Eyewitness Accounts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

                   a. The Complaint is not Frivolous . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

             3. Defendant Cannot Justify the Imposition of Sanctions . . . . . . . . . . . . . 9

       B.    An Award of Attorney Fees and Costs to Plaintiff
             and Counsel are Warranted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

       C.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

## Cases

*Cal. Architectural Bldg. Prods. v. Franciscan Ceramics*
818 F.2d 1466 (9th Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384,
110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Greenberg v. Sala*, 822 F.2d 882 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Harara v. Conoco Phillips Co.*, 2005 U.S. Dist. LEXIS 1426 (N.D. Cal.) . . . . . . . . . . . 7

*Heuttig & Schromm, Inc. v. Landscape Contractors Council of N. Cal.*
790 F.2d 1421 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431 (9th Cir. 1996) . . . . . . . . . . . . . . . . 8

*Lloyd v. Schlag*, 884 F.2d 409 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*MetLife Bank, N.A. v. Badostain*, 2010 U.S. Dist. LEXIS 138261. . . . . . . . . . . . . . . . . 10

*Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336 (9th Cir. 1988). . . . . . . . . . 9

*Smith v. Ricks*, 31 F.3d 1478 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Song Fi, Inc. v. Google, Inc*., 2016 U.S. Dist. LEXIS 104404 (N.D. Cal. Aug. 8, 2016) . 7

*Teamsters Local Union No. 430 v. Cement Express, Inc.*
841 F.2d 66, 68 (3d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc.*,
834 F.2d 833 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Townsend v. Holman Consulting*, 929 F.2d 1358 (9th Cir. 1990) . . . . . . . . . . . . . . . . . 8

*Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . 8

## Federal Rules

Federal Rules of Civ. P. Rule 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## Other Authorities

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure . . . . . . . . . . . 7

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.**

3

**INTRODUCTION**

4     Defendant Desbordes is attempting to have the complaint against him dismissed as

5  a sanction under Rule 11 based on his assertion that the claims are demonstrably false.

6  He is not contesting that there is an incorrect legal position, only that *his* purported facts

7  are true and that *Plaintiff's* are demonstrably false.  He further claims that counsel for

8  Plaintiffs failed to conduct a reasonable inquiry and thus should be sanctioned for their

9  conduct.

10     Defendant has not been served with the Amended Complaint, nor has counsel

11  agreed to accept service on his behalf.  Defendant has not filed a motion to dismiss, nor

12  has he filed a motion for summary judgment or other dispositive motion.  The attorneys

13  for the Defendant knew, or should have known, that their motion was not warranted and

14  improper.  It is apparent that they filed it because their intent was to manipulate the

15  potential jury pool with false representations to the media regarding the efficacy of

16  Plaintiffs' complaint[1].  The filing of Defendant's motion should act as an absolute waiver

17  of service and Plaintiff should not be required to further serve Defendant as it is clear

18  Defendant has notice and is willing to actively participate in these proceedings.

19     As will be shown hereunder, Defendant's motion must be denied.

20

**II.**

21

**STATEMENT OF FACTS**

22     In or around late October, 2024, Ariel Mitchell ("Mitchell") was contacted by two

23  individuals[2] who purported to have information from third-party witnesses relating to Ms.

24  Parham's assault on March 23, 2018.  During the period from October 2024 through

25

26            

[1]  https://www.tmz.com/2025/05/09/druski-accusers-lawyers-huge-holes-rape-claims/

27    https://www.tmz.com/2025/04/21/druski-bank-account-balance-phone-records-diddy-lawsuit/

28  [2]  Those individuals are now referred to as the Jane and John DOE Plaintiffs ("DOES").

January 2025, Mitchell spoke with these individuals numerous times.  The DOES were
offering the information as if it was coming from third parties.  Mitchell is experienced in
dealing with high profile cases involving celebrities and is well aware that individuals
may come forward with information for notoriety or remuneration.  As a result of her
experience she was initially suspect of the source and the information.

Finally, in January 2025, the DOES told Mitchell that they were in fact the
eyewitnesses to the events set forth in Ms. Parham's complaint and were not reporting
information they had heard from other individuals.  They indicated that the reason they
were so cryptic was that they were afraid for their safety.

In an effort to determine what information they had, whether it was truthful and
relevant to Ms. Parham's case, Mitchell undertook an investigation to find corroboration
for who and what they described.

The DOES sent Mitchell several pictures of two individuals in police uniforms that
they claimed were there at the time of Parham's assault.  Using those pictures that were
sent to Mitchell along with three other pictures of other individuals in police uniforms,
Mitchell prepared a "photo lineup" that she presented to Ms. Parham.  During that lineup,
Ms. Parham only identified one of the individuals, John Pelletier, the officer who
responded to the neighbor's house following the assault.

The DOES also informed Mitchell that another individual, Drew Desbordes, was
also present at the time of the assault.  Mitchell again did a similar lineup of several other
individuals of similar size and skin-tone as Mr. Desbordes.  Ms. Parham identified Mr.
Desbordes from that lineup. Parham was able to determine that he was the person during
the assault who used her body like a Slip-N-Slide.

The DOES also stated that Odell Beckham was there at the time of the assault.
They informed Mitchell that Mr. Beckham was being called by his middle name,
Cornelius. Following her conversation with the DOES, Mitchell spoke with Ms. Parham
and gave her a series of names, not using Odell's first name but his middle name
Cornelius, as well as a series of other names of other individuals that were randomly

chosen. Parham said she remembered hearing the name Cornelius because she thought it was a funny, silly and unusual name. When shown a picture of Mr. Beckham, Parham said that his body type looked familiar, but she had a solid memory of the name Cornelius being used.

In an effort to keep counsel's investigation clean, the DOES and Parham have never spoken directly to one another. They are complete strangers and did not know each other prior to when the assault occurred.

Mitchell conducted lineups to ensure she went beyond due diligence and it was only after several occurrences of Parham identifying the *same* individuals, *without knowledge of what was being said by the DOES* that she came to the conclusion that all parties were being truthful and that all parties were in fact at the same place, on the same date, and that the individuals they were alleging to have been there were in fact there.

**III.**

**ARGUMENT**

**A.    DEFENDANT'S MOTION MUST BE DENIED**

**1.  Rule 11 is not a Substitute for Dispositive Motions or Trial**.

Rule 11 motions should not be used to test the sufficiency of the pleadings. If the Defendant believes that the allegations in the Complaint fail to state a claim as a matter of law, they must file an appropriate motion under Rule 12, or after discovery by the filing of a motion for summary judgment.

Rule 11 governs the minimum standards applicable to a "pleading, written motion, or other paper" submitted to a court, but is distinct from the other rules which provide for the presentation of a party's legal positions. Hence, the Rules Committee has cautioned that Rule 11 motions for sanctions "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes. Nor should Rule 11 motions be prepared to emphasize the merits of a party's position. (Fed. R. Civ. P. 11.)

Here, the Defendant has taken the unorthodox position of challenging the amended

complaint by merely setting forth his purported facts, claiming that Plaintiff's facts are false, that counsel failed to conduct a reasonable inquiry, and on those grounds that the complaint against him should be dismissed and counsel sanctioned.

"Rule 11 sanctions should not be employed . . . to test the legal sufficiency or efficacy of the of allegations in the pleadings." (Fed R. Civ. P. 11 advisory committee's note to 1993 amend.) "Even in its amended form, Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits." (5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336.6; *Harara v. Conoco Phillips Co.*, 2005 U.S. Dist. LEXIS 1426 (N.D. Cal.).)

> "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."

*(Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990).)

The Defendant's motion should be denied on those grounds alone.

**2.    Counsel for Plaintiff Conducted a Reasonable Inquiry and Undertook an Independent Examination to Assess the Veracity of the Eyewitness Accounts**

"A claim is well grounded in fact if an independent examination reveals some credible evidence in support of a party's statements." (*Song Fi, Inc. v. Google, Inc*., 2016 U.S. Dist. LEXIS 104404, at 3-4 (N.D. Cal. Aug. 8, 2016).)

In this case Mitchell did not accept the statement of the witnesses nor the Plaintiff at face value.  She undertook an independent investigation to determine whether the identification of the various defendants was accurate, truthful and corroborated.

Rule 11 imposes a duty upon those who sign pleadings "to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is well-grounded in fact, has a colorable basis in law, and is not filed for an

1   improper purpose." (*Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (citations

2   omitted).)

3          Rule 11 requires an evaluation of what constitutes a reasonable inquiry under all

4   the circumstances of a case. Ninth Circuit precedent outlines several relevant (but not

5   mandatory) factors, including access to relevant information, the experience of an

6   attorney versus the level of specialized expertise necessary, whether the allegations are

7   related to knowledge, purpose, or intent, the relation of an allegedly frivolous claim to the

8   pleading as a whole, the length of time the attorney had to investigate, and the complexity

9   of the case.  (See *Lloyd v. Schlag*, 884 F.2d 409, 412 (9th Cir. 1989); *Heuttig & Schromm,*

10  *Inc. v. Landscape Contractors Council of N. Cal*., 790 F.2d 1421, 1426-27 (9th Cir.

11  1986).)

12                           **a.  The Complaint is not Frivolous**

13         With respect to complaints, a finding of frivolousness is a necessary prerequisite to

14  an award of sanctions under the improper purpose clause of Rule 11. *(See, Townsend v.*

15  *Holman Consulting*, 929 F.2d 1358, 1362 (9th Cir. 1990) *(citing Zaldivar v. City of Los*

16  *Angeles*, 780 F.2d 823, 832 (9th Cir. 1986) *overruled on other grounds by Cooter & Gell*

17  *v. Hartmarx Corp*., 496 U.S. 384). "Rule 11 is intended only for exceptional

18  circumstances." (*Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66,

19  68 (3d Cir. 1988).)

20         A frivolous filing is one that is *"both baseless and made without a reasonable and*

21  *competent inquiry*." (*In re Keegan Mgmt. Co., Sec. Litig*., 78 F.3d 431, 434 (9th Cir.

22  1996) (internal citation omitted) (emphasis in original). Accordingly, when a complaint is

23  challenged under Rule 11, a district court must conduct a two-prong inquiry to determine

24  whether the complaint is frivolous:  "(1) whether the complaint is legally or factually

25  baseless from an objective perspective, and (2) if the attorney has conducted a reasonable

26  and competent inquiry before signing and filing it." (*Holgate v. Baldwin*, 425 F.3d 671,

27  676 (9th Cir. 2005) (citation and internal quotation marks omitted).

28         The "baseless" and "reasonable inquiry" requirements are conjunctive, not

disjunctive. Therefore, "[a]n attorney may not be sanctioned for a [filing] that is not well-founded, so long as she conducted a reasonable inquiry." (*In re Keegan*, 78 F.3d at 434.) By the same token, a signer cannot "be sanctioned for a complaint which is well-founded, solely because she failed to conduct a reasonable inquiry[.]" (*Id*.)

### 3.    Defendant Cannot Justify the Imposition of Sanctions

When Rule 11 sanctions are party-initiated, the burden is on the moving party to demonstrate why sanctions are justified. *(See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc*., 834 F.2d 833, 837 (9th Cir. 1987).) The Ninth Circuit has held that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." (*Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).) They are reserved for "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." (*Id*. at 1344.) (See, *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987) , a litigant makes a "frivolous filing," where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and where a litigant files a pleading or paper for an "improper purpose," such as personal or economic harassment.) "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." (*Id*.)

The standard is not a high one. (*See Cal. Architectural Bldg. Prods. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir.1987) (reversing award of sanctions where, although evidence was weak and could not survive summary judgment, court could not "say that the complaint [was] so lacking in plausibility as to. . . subject [the attorney] to" Rule 11 sanctions).

In this case, Defendants' motion for sanctions seemingly violates many, if not all, of the Advisory Committee's admonitions on the improper uses for a motion filed under Rule 11: the motion undeniably argues the theory of Defendants' case; and it could easily be seen as a device to test the legal sufficiency or efficacy of allegations in the pleadings because the very relief it seeks is to strike claims made in the complaint against the

1  Defendant.

2       As the Advisory Committee makes perfectly clear, however, a motion for

3  sanctions is not the proper mechanism through which a party may permissibly conduct

4  such an inquiry. (*MetLife Bank, N.A. v. Badostain*, 2010 U.S. Dist. LEXIS 138261,

5  *26-27.)

6       **B.    An Award of Attorney Fees and Costs to Plaintiff and Counsel are**
          **Warranted.**
7

8       Rule 11(c)(2) provides that "[i]f warranted, the court may award to the prevailing

9  party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R.

10  Civ. P. 11 (c)(2); *see also*, Rule 11 Advisory Committee Notes 1993 Amendments ("As

11  under former Rule 11, the filing of a motion for sanctions is itself subject to the

12  requirements of the rule and can lead to sanctions [and] . . . under the revision the court

13  may award to the person who prevails on a motion under Rule 11—whether the movant

14  or the target of the motion—reasonable expenses, including attorney's fees, incurred in

15  presenting or opposing the motion.").

16                                **IV.**

17                          <u>**CONCLUSION**</u>

18       Defendant's motion must be denied.  Fed. R. Civ. P. 11 cannot be used to test the

19  legal sufficiency or efficacy of the of allegations in the pleadings.  Defendant's motion

20  for sanctions seemingly violates many, if not all, of the Advisory Committee's

21  admonitions on the improper uses for a motion filed under Rule 11.  A motion for

22  sanctions is not the proper mechanism through which a party may permissibly conduct

23  such an inquiry.

24       Assuming that a motion could be used to challenge the efficacy of the pleadings,

25  the motion fails in any event because the amended complaint is not clearly frivolous,

26  legally unreasonable or without legal foundation, or brought for an improper purpose.

27  Dated: May 20, 2025                              Respectfully submitted,

28                                                  <u>/s/ Shawn R. Perez, Esq.</u>

                                    10

1

/s/ Ariel Mitchell, Esq.
Attorneys for Plaintiff

2

**CERTIFICATE OF SERVICE**

3       I HEREBY CERTIFY that on the 23rd day of May, 2025, the undersigned served

4    the foregoing on all counsel herein by causing a true copy thereof to be filed with the

5    Clerk of Court using the CM/ECF system, which was served via electronic transmission

6    by the Clerk of Court pursuant to local order.

7

/s/ Shawn R. Perez, Esq.

8

SHAWN R. PEREZ, ESQ.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11