Shawn R. Perez, Esq.
California Bar No. 164228
**Law Offices of Shawn R. Perez**
7121 W. Craig Road, #113-38
Las Vegas, Nevada 89129
(949) 492-9545 Telephone
(702) 485-3977 Telephone
shawn711@msn.com

Ariel Mitchell, Esq. *(pro hac vice)*
**The Law Office of Ariel Mitchell, P.A.**
500 NW 2nd Ave. #12864
Miami, FL 33101
Tel: (305) 903-5835
ariel@arielesq.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY PARHAM, JANE DOE, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>SEAN COMBS a/k/a "P. Diddy," "Puff Daddy," "Love," "Puffy" and "Diddy," KRISTINA KHORRAM, SHANE PEARCE, RUBEN VALDEZ, JOHN PELLETIER, ODELL BECKHAM JR., DREW DESBORDES a/k/a "Druski," JACQUELYN WRIGHT a/k/a "Jaguar Wright", HELENA HARRIS-SCOTT, MATIAS GONZALEZ, BRANDI CUNNINGHAM, JANICE COMBS, KEITH LUCKS a/k/a "Big Homie CC," and JOHN and JANE DOES 1-10<br><br>Defendants. | Case No.: 3:24-cv-07191-RFL<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM, MEMORANDUM OF POINTS AND AUTHORITY** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF THE ISSUES

Plaintiffs John and Jane Doe are sex trafficking victims who have joined named Plaintiff, Ashley Parham, in her complaint against Defendants and respectfully moves this Honorable Court for an order allowing Plaintiffs to proceed under pseudonym. This motion is made on the grounds that Plaintiffs have a legitimate and continuing fear that their safety is at risk with pursuing this case and is vulnerable to retaliation by their traffickers. *See* Declaration of Jane and John Does in Support of Motion to Proceed under Pseudonym (hereinafter, "Declaration of Does"). Also, this case involves highly sensitive information and, therefore, Plaintiffs have a reasonable privacy interest in keeping their identity confidential. Additionally, allowing Plaintiffs to proceed under pseudonym will not prejudice Defendants, and there is significant public interest in protecting Plaintiffs' name and identity to protect the identity as victims of sex trafficking in this case.

## II. RELEVANT FACTS

Plaintiff, Ashley Parham, first filed her Original Complaint on October 15, 2024, against Defendants Sean Combs ("Diddy"), Kristina Khorram ("KK"), Shane Pearce and unnamed John and Jane Does[1] for violations of Federal Trafficking United States Codes. Plaintiff then amended her complaint on March 13, 2025,[2] adding additional Plaintiffs, John and Jane Does, and identifying previously named John and Jane Doe Defendants. Since the timeframe alleged in her complaint, Defendant Combs has been arrested, charged and is currently on trial for criminal RICO violations and trafficking.[3] Defendant Khorram has been identified by several victims during Defendant Combs' criminal trial, in their testimony for the prosecution, of her involvement

---

[1] ECF 1

[2] ECF 19

[3] *United States v. Combs*, 24-cr-542 (AS).

in the trafficking enterprise masterminded by Defendant Combs.[4] Upon permission, in order to pursue Plaintiffs claims in its amended complaint Plaintiffs now ask the Court to allow them to proceed pseudonymously in this action.

### III. ARGUMENT

While the Federal Rules of Civil Procedure neither explicitly authorize nor prohibit the use of fictitious names by plaintiffs or other parties, pseudonyms are allowed in certain circumstances. The Ninth Circuit allows "parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary...to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I Thru XXIII v. Advanced Textile Corp.* 214 FR.3d 1058 (9th Cir. 2000). Specifically, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1067. When "pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* at 1068. The court must consider "whether the public's interest in the case would be best served by requiring the litigants to reveal their identities." *Id*. "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured...to mitigate that prejudice." *Id.*

### A. Public Interest

First, whether or not the parties disclose Plaintiffs full name does not impact the public interest. The public interest in knowing the parties' identities is not threatened where, as here, there

---

[4] *United States v. Combs*, 24-cr-542 (AS)  Testimony Cassie Ventura, "Mia" ( a pseudonym), and Bryana Bongolan.

is nothing about the Plaintiff's identity that makes it "critical to the working of justice" and the basic facts of the case will be on public record. *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 997 (N.D. Cal. 2015) (holding that the public interest is not threatened because there was nothing important about the plaintiff's identity alone and the facts of the case would be on public record). The highly sensitive facts of this case implicate both Plaintiffs legitimate privacy interests. *see* Declaration of Does at para. 15.

As explained in *Jane Roes 1-2,* the public interest is not threatened here as Plaintiffs identity is not "critical to the working of justice." The facts of this case will be on public record and the full disclosure of Plaintiffs identity will not aid Defendants in discovering facts related to this case.

**B. Severity of Threatened Harm**

The severity of threatened harm should be evaluated based upon whether or not "divulg[ing] personal information of the utmost intimacy" and "reveal[ing] facts of a highly personal nature ...cause damage to... [a person's] good name[] and reputation." *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe*, 559 F.2d, 707, 73 (5th Cir. 1979). In addition, pseudonyms are allowed "when nondisclosure of the party's identity is necessary... to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII*, 214 F.3d at 1067–68. Threats of physical harm present in the case further support the need for anonymity. *See Doe v. Github*, Inc., 672 F. Supp. 3d 837, 852 (N.D. Cal. 2023). In *Doe v. Github*, the Plaintiffs sought to proceed under pseudonym due to threats of physical violence and other severe harm. *Id*. Thus, the Court may consider the nature of harm when considering the severity of harm. That the facts of a sex trafficking case involve information of a highly personal nature is uncontroverted. Plaintiffs attest that the traffickers hurt them, controlled them, and put them in constant fear for their lives and their safety. *See* Declaration of Does at paras. 5, 8-14. It is

reasonable that Plaintiffs fears for their safety considering the lengths they have gone through to protect themselves from the traffickers including changing their legal names and moving to a remote area. *See id.* at paras. 7-8. Plaintiffs are reasonably scared of their traffickers and affiliates, whom they presume to be gang members, and they want to keep their name out of the public light during discovery. *See id.* at paras. 4-5, 15. Plaintiffs' privacy concerns regarding revealing their identities are genuine. Allowing Plaintiffs to proceed by pseudonym will mitigate the unnecessary stress of having their name disclosed repeatedly to the public in conjunction with this case. This is a reasonable fear due to the high-profile nature of this matter as one of the Defendants is currently on criminal trial for acts eerily similar in nature to the acts alleged in Plaintiffs complaint.[5] Further, other Defendants have been named during those criminal proceedings adding to Plaintiffs reasonable fear of unnecessary stress and possibly being recaptured by the traffickers.

### C. Vulnerability to Retaliation

The Plaintiffs vulnerability to retaliation should also be considered by the Court. In *Advanced Textile* the Court noted that the Plaintiff's highly vulnerable status contributed to the reasonableness of their fear of severe retaliation. *Does I thru XXIII*, 214 F.3d at 1069.

Plaintiffs are particularly vulnerable to retaliation as the victims of sex trafficking. *See* Declaration of Does at paras. 2-15. It is common knowledge that traffickers are frequently linked to organized criminal networks which can resort to intimidation, threats, and violence against those who may challenge their operations. Plaintiffs understood that the people who were controlled Defendant Combs would hurt or kill Plaintiffs if they came forward. *See id.* at paras. 5-6, 13. There is currently an ongoing criminal trial against Defendant Combs where evidence has shown he is physically violent and may be prone to retaliate.[6] Plaintiffs have overwhelming fear and anxiety

---

[5] *United States v. Combs*, 24-cr-542 (AS)

[6] *United States v. Combs*, 24-cr-542 (AS) Testimony of several witnesses including: Cassie Ventura, Kid Cudi, Bryana

that the same people who hurt them before will find them again and kill them. *See id.* at paras. 8-9. Plaintiffs' declaration reflects Plaintiffs' reasonable fear of retaliation by Defendants traffickers. This fear does not disappear just because Defendant Combs is incarcerated and on trial.

### D. Absence of Prejudice to the Defendants

Defendants will not be prejudiced by Plaintiffs John and Jane Doe proceeding under pseudonym. First, there is already a named Plaintiff in this dispute. Second, Plaintiffs are known to certain Defendants as they have kidnapped and trafficked them on multiple occasions. Plaintiffs proceeding under pseudonym does not impact the Defendants' ability to access any evidence. The disclosure of Plaintiffs full name to the public does not aid in Defendants' defense. This case concerns Defendants' facilitation of Plaintiffs trafficking, which is unrelated to Plaintiffs true identity information. Yet, the highly sensitive subject matter involved in this case will impact Plaintiffs' safety and privacy concerns.

### IV . CONCLUSION

Allowing Jane and John Does to proceed under pseudonym will not only protect their safety and adequately address their legitimate privacy concerns, but also facilitate the protection of their true identity information as confidential. There is a fundamental privacy interest in protecting sex trafficking victims and their identity and allowing Jane and John Does to proceed pseudonymously facilitates this end. Therefore, Plaintiffs respectfully requests that this Court allow them to proceed in the above-captioned matter using a pseudonym.

Dated: June 8, 2025                                    RESPECTFULLY SUBMITTED,

/s/ *Shawn Perez, Esq.*

/s/ *Ariel Mitchell, Esq.*

---

Bongolan, Capricorn Clark, etc.

**CERTIFICATE OF SERVICE**

I hereby certify that this document has been or will be filed through the ECF system, and notice will be sent via the ECF system. By filing the within document on the Court's Electronic Case Filing System, I am informed and believe that the documents will be electronically served on all individuals registered with such system. To my knowledge, every individual to whom notice is required is registered with this system and, thus, has been served with due notice by action of this electronic filing.

I declare under penalty of perjury under the laws of the State of California that the above statements are true and correct.

Dated: June 8, 2025                                  Respectfully submitted,

/s/ *Shawn Perez, Esq.*

/s/ *Ariel Mitchell, Esq.*

1  Shawn R. Perez, Esq.
   California Bar No. 164228
2  **Law Offices of Shawn R. Perez**
3  7121 W. Craig Road, #113-38
   Las Vegas, Nevada 89129
4  (949) 492-9545 Telephone
5  (702) 485-3977 Telephone
   shawn711@msn.com
6
   Ariel Mitchell, Esq. *(pro hac vice)*
7  **The Law Office of Ariel Mitchell, P.A.**
   500 NW 2nd Ave. #12864
8  Miami, FL 33101
   Tel: (305) 903-5835
9  ariel@arielesq.com

10 *Attorneys for Plaintiffs*

11              UNITED STATES DISTRICT COURT FOR THE
                    NORTHERN DISTRICT OF CALIFORNIA
12

13 ASHLEY PARHAM,                )
   JANE DOE, and                 )   Case No.: 3:24-cv-07191-RFL
14 JOHN DOE                      )
                                 )
15        Plaintiffs,            )
   v.                            )
16                               )   **DECLARATION OF JANE DOE
                                 )   IN SUPPORT OF MOTION TO
17 SEAN COMBS a/k/a              )   PROCEED UNDER
   "P. Diddy," "Puff Daddy," "Love," )   PSEUDOYNM**
   "Puffy" and "Diddy,"          )
18 KRISTINA KHORRAM,             )
   SHANE PEARCE,                 )
19 RUBEN VALDEZ,                 )
   JOHN PELLETIER,               )
20 ODELL BECKHAM JR.,            )
   DREW DESBORDES a/k/a "Druski," )
21 JACQUELYN WRIGHT a/k/a "Jaguar )
   Wright", HELENA HARRIS-SCOTT, )
22 MATIAS GONZALEZ,              )
   BRANDI CUNNINGHAM,            )
23 JANICE COMBS,                 )
   KEITH LUCKS a/k/a "Big Homie CC," )
24 and JOHN and JANE DOES 1-10   )
                                 )
25           Defendants.         )

26

27 I, Jane Doe, declare and certify as follows:

28    1. I am the Plaintiff in the above styled cause.

2. I have been a victim of sex trafficking, on multiple occasions, at the hands of the Defendants in this matter.

3. I have been kidnapped by Defendants in this matter.

4. Based on my understanding and interactions with Defendants in this matter, I believe that the Defendants were members of a gang involving sex trafficking and kidnapping.

5. The people who trafficked and exploited me physically bound me, transported me against my will, beat me and forced me to engage in unwanted sexual activity. The traffickers have threatened to kill me during these trafficking episodes.

6. I was trafficked at the direction of Defendant Combs. The co-Defendants named within our complaint hurt me and threatened to kill me during the times I was trafficked by them.

7. In order to evade Defendants I have changed my name, live in a remote location and hide my person while in public.

8. I remain fearful for my life and my son's life, John Doe because the people who trafficked and exploited us continue to find us. We recently had someone on our remote property taking pictures and believe that individual was connected with one of the Defendants in this matter.

9. I have overwhelming fear and anxiety that the same people who trafficked me before will find me and would kill me next.

10. I believe that the one of the Defendants and/or their affiliates sent that individual to search for John Doe and I in order to threaten and intimidate us.

11. John Doe and I live in constant fear of the people, Defendants in this matter who harmed and exploited us and the people who worked with Defendant Combs to aid him in his criminal activity.

12. Defendant Combs is currently on criminal trial for acts related to threatening harm, and actually inflicting harm, on others who went against him.

13. Throughout Defendant Combs' criminal trial, which has been highly publicized, I continued to learn about the violent actions, harms and injuries that Defendant Combs has inflicted on others and his graphic sexual exploitation of others.

14. I became increasingly fearful about my safety, so much so that I have become reclusive and am afraid to venture out of my remote location for anything not rising to an emergency.

15. Both my safety and privacy are important to me, and so having my real name disclosed repeatedly in connection with the sensitive facts of this case will undoubtedly cause me hardship and great stress.

16. Please allow me to proceed under the pseudonym Jane Doe for my safety and privacy in this case.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 8, 2024

RESPECTFULLY SUBMITTED,

/s/Jane Doe
Plaintiff

1  Shawn R. Perez, Esq.
   California Bar No. 164228
2  **Law Offices of Shawn R. Perez**
3  7121 W. Craig Road, #113-38
   Las Vegas, Nevada 89129
4  (949) 492-9545 Telephone
5  (702) 485-3977 Telephone
   shawn711@msn.com
6
   Ariel Mitchell, Esq. *(pro hac vice)*
7  **The Law Office of Ariel Mitchell, P.A.**
   500 NW 2nd Ave. #12864
8  Miami, FL 33101
   Tel: (305) 903-5835
9  ariel@arielesq.com

10 *Attorneys for Plaintiffs*

11             UNITED STATES DISTRICT COURT FOR THE
                   NORTHERN DISTRICT OF CALIFORNIA
12

|  |  |
|---|---|
| ASHLEY PARHAM, JANE DOE, and JOHN DOE ) ) ) ) | Case No.: 3:24-cv-07191-RFL |
| Plaintiffs, ) ) | |
| v. ) ) ) | **DECLARATION OF JOHN DOE IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDOYNM** |
| SEAN COMBS a/k/a "P. Diddy," "Puff Daddy," "Love," "Puffy" and "Diddy," KRISTINA KHORRAM, SHANE PEARCE, RUBEN VALDEZ, JOHN PELLETIER, ODELL BECKHAM JR., DREW DESBORDES a/k/a "Druski," JACQUELYN WRIGHT a/k/a "Jaguar Wright", HELENA HARRIS-SCOTT, MATIAS GONZALEZ, BRANDI CUNNINGHAM, JANICE COMBS, KEITH LUCKS a/k/a "Big Homie CC," and JOHN and JANE DOES 1-10 ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

I, John Doe, declare and certify as follows:

   1.  I am the Plaintiff in the above styled cause.

2. I have been a victim of sex trafficking, on multiple occasions, at the hands of the Defendants in this matter.

3. I have been kidnapped by Defendants in this matter.

4. Based on my understanding and interactions with Defendants in this matter, I believe that the Defendants were members of a gang involving sex trafficking and kidnapping.

5. The people who trafficked and exploited me physically bound me, transported me against my will, beat me and forced me to engage in unwanted sexual activity. The traffickers have threatened to kill me during these trafficking episodes.

6. I was trafficked at the direction of Defendant Combs. The co-Defendants named within our complaint hurt me and threatened to kill me during the times I was trafficked by them.

7. In order to evade Defendants I have changed my name, live in a remote location and hide my person while in public.

8. I remain fearful for my life and my mother's life, Jane Doe because the people who trafficked and exploited us continue to find us. We recently had someone on our remote property taking pictures and believe that individual was connected with one of the Defendants in this matter.

9. I have overwhelming fear and anxiety that the same people who trafficked me before will find me and would kill me next.

10. I believe that the one of the Defendants and/or their affiliates sent that individual to search for Jane Doe and I in order to threaten and intimidate us.

11. Jane Doe and I live in constant fear of the people, Defendants in this matter. who harmed and exploited us and the people who worked with Defendant Combs to aid him in his criminal activity.

12. Defendant Combs is currently on criminal trial for acts related to threatening harm, and actually inflicting harm, on others who went against him.

13. Throughout Defendant Combs' criminal trial, which has been highly publicized, I continued to learn about the violent actions, harms and injuries that Defendant Combs has inflicted on others and his graphic sexual exploitation of others.

14. I became increasingly fearful about my safety, so much so that I have become reclusive and am afraid to venture out of my remote location for anything not rising to an emergency.

15. Both my safety and privacy are important to me, and so having my real name disclosed repeatedly in connection with the sensitive facts of this case will undoubtedly cause me hardship and great stress.

16. Please allow me to proceed under the pseudonym John Doe for my safety and privacy in this case.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 8, 2024

RESPECTFULLY SUBMITTED,

*/s/John Doe*
Plaintiff

1  Shawn R. Perez, Esq.
   Nevada Bar No. 10421
2  **Law Offices of Shawn R. Perez**
3  7121 W. Craig Road, #113-38
   Las Vegas, Nevada 89129
4  (949) 492-9545 Telephone
5  (702) 485-3977 Telephone
   shawn711@msn.com
6
   Ariel Mitchell, Esq. *(pro hac vice)*
7  **The Law Office of Ariel Mitchell, P.A.**
   500 NW 2nd Ave. #12864
8  Miami, FL 33101
   Tel: (305) 903-5835
9  ariel@arielesq.com

10 *Attorneys for Plaintiffs*

11              UNITED STATES DISTRICT COURT FOR THE
                  NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| ASHLEY PARHAM, JANE DOE, and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>SEAN COMBS a/k/a "P. Diddy," "Puff Daddy," "Love," "Puffy" and "Diddy,"<br>KRISTINA KHORRAM,<br>SHANE PEARCE,<br>RUBEN VALDEZ,<br>JOHN PELLETIER,<br>ODELL BECKHAM JR.,<br>DREW DESBORDES a/k/a "Druski,"<br>JACQUELYN WRIGHT a/k/a "Jaguar Wright", HELENA HARRIS-SCOTT,<br>MATIAS GONZALEZ,<br>BRANDI CUNNINGHAM,<br>JANICE COMBS,<br>KEITH LUCKS a/k/a "Big Homie CC," and JOHN and JANE DOES 1-10<br><br>Defendants. | Case No.: 3:24-cv-07191-RFL<br><br>**[PROPOSED] ORDER** |

**ORDER**

Sex trafficking victims Jane and John Does brought this action, in connection with a named Plaintiff Ashley Parham, under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 *et seq.*, alleging that Defendants profited from sex trafficking scheme conducted under the direction of Defendant Combs and executed by his employees. *See* Amend. Compl., ECF 19. Plaintiffs John and Jane Does were added in an amended complaint and now moves for leave to proceed under a pseudonym.

The Court finds Plaintiff's motion to be suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). Plaintiff's motion is GRANTED without prejudice to Defendants' assertion of objections to Plaintiff's continued use of a pseudonym if and when the case goes to trial.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 10 requires that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). However, "[i]n this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). To test whether use of a fictious name is appropriate, courts ask whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

Where a party seeks leave to proceed under a pseudonym because of a fear of retaliation, the district court should consider the following factors: (1) "the severity of the threatened harm"; (2) "the reasonableness of the anonymous party's fears"; and (3) "the anonymous party's vulnerability to such retaliation[.]" *Advanced Textile Corp.*, 214 F.3d at 1068 (citations omitted).

**II. DISCUSSION**

Plaintiffs seek leave to proceed under a pseudonym to protect sensitive information regarding the sex trafficking of themselves, and to protect themselves against retaliation from the traffickers or persons associated with them. Plaintiffs have filed a declaration stating that she believes the persons who trafficked them were members of a gang; the traffickers terrified and physically harmed them; and the traffickers threatened the lives of Plaintiffs during trafficking episodes. Decl. of Jane and John Does. ¶¶ 2-15, ECF ____. Plaintiffs states that they wishes to use Jane and John Doe as a pseudonym to protect her safety and privacy while litigating this case. *See id.* ¶15.

The Court finds that Plaintiff's desire to protect sensitive information about their sex trafficking, as well as her fear of retaliation, constitute adequate bases to grant their request for leave to proceed under a pseudonym. Disclosure of Plaintiff's name in connection with details about the victimization of the Does could subject Plaintiffs to ridicule or personal embarrassment. Moreover, Plaintiffs have established a reasonable fear of physical harm and they appear to be vulnerable to retaliation given their reasonable belief that the traffickers or their associates know what they look like.

There is no prejudice to Defendants in allowing Plaintiffs to use a pseudonym at this stage of the proceedings. Finally, it is the Court's view that the public's interest in the case can be satisfied without revealing Plaintiffs' identity. The key allegations and arguments in the case will not be enhanced by knowledge of Plaintiffs' names. Other district courts have allowed use of a pseudonym where "[t]here is nothing about the Plaintiffs' identities that makes it critical to the working of justice to reveal those identities." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015). The Ninth Circuit argued in *Advanced Textile Corp.*, that the prior disclosure of some plaintiffs' names did not refute evidence that they had a reasonable fear of retaliation, and that "whatever knowledge defendants have of plaintiffs' identities only lessens

their claims to be prejudiced by the use of pseudonyms." *Advanced Textile Corp.*, 214 F.3d at 1069 n.11. The Court must "determine the precise prejudice at each stage of the proceedings to the opposing party." *Advanced Textile Corp.*, 214 F.3d at 1068. In the event this case goes to trial, Defendants may assert any objections to Plaintiff's continued use of a pseudonym.

In summary, the Court concludes that at this stage of the proceedings, Plaintiffs' "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.

### III. ORDER

1. (1) Plaintiff's motion to proceed under a pseudonym is GRANTED.
2. (2) Defendants may object to Plaintiff's continued use of a pseudonym if and when this case goes to trial.

Dated: _____

By: _____

Hon. Rita F. Lin

U.S. District Magistrate Judge