1  Shawn R. Perez, Esq.
   Nevada Bar No. 10421
2  **Law Offices of Shawn R. Perez**
3  7121 W. Craig Road, #113-38
   Las Vegas, Nevada 89129
4  (949) 492-9545 Telephone
5  (702) 485-3977 Telephone
   shawn711@msn.com
6
   Ariel Mitchell, Esq. *(pro hac vice)*
7  **The Law Office of Ariel Mitchell, P.A.**
   500 NW 2nd Ave. #12864
8  Miami, FL 33101
   Tel: (305) 903-5835
9  ariel@arielesq.com

10 *Attorneys for Plaintiffs*

11                UNITED STATES DISTRICT COURT FOR THE
                   NORTHERN DISTRICT OF CALIFORNIA
12
   ASHLEY PARHAM,                )
13 JANE DOE, and                 )   Case No.: 3:24-cv-07191-RFL
   JOHN DOE                      )
14                               )
             Plaintiffs,         )
15                               )
   v.                            )
16                               )   **[PROPOSED] ORDER**
                                 )
17                               )
                                 )
18 SEAN COMBS a/k/a              )
   "P. Diddy," "Puff Daddy," "Love," )
19 "Puffy" and "Diddy,"          )
   KRISTINA KHORRAM,             )
20 SHANE PEARCE,                 )
   RUBEN VALDEZ,                 )
21 JOHN PELLETIER,               )
   ODELL BECKHAM JR.,            )
22 DREW DESBORDES a/k/a "Druski," )
   JACQUELYN WRIGHT a/k/a "Jaguar )
23 Wright", HELENA HARRIS-SCOTT, )
   MATIAS GONZALEZ,              )
24 BRANDI CUNNINGHAM,            )
   JANICE COMBS,                 )
25 KEITH LUCKS a/k/a "Big Homie CC," )
   and JOHN and JANE DOES 1-10   )
26                               )
             Defendants.
27
28

Page 14 of 17

# ORDER

Sex trafficking victims Jane and John Does brought this action, in connection with a named Plaintiff Ashley Parham, under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 *et seq.*, alleging that Defendants profited from sex trafficking scheme conducted under the direction of Defendant Combs and executed by his employees. *See* Amend. Compl., ECF 19. Plaintiffs John and Jane Does were added in an amended complaint and now moves for leave to proceed under a pseudonym.

The Court finds Plaintiff's motion to be suitable for decision without oral argument. *See* Civ. L.R. 7-1(b). Plaintiff's motion is GRANTED without prejudice to Defendants' assertion of objections to Plaintiff's continued use of a pseudonym if and when the case goes to trial.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 10 requires that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). However, "[i]n this circuit, we allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000). To test whether use of a fictious name is appropriate, courts ask whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068.

Where a party seeks leave to proceed under a pseudonym because of a fear of retaliation, the district court should consider the following factors: (1) "the severity of the threatened harm"; (2) "the reasonableness of the anonymous party's fears"; and (3) "the anonymous party's vulnerability to such retaliation[.]" *Advanced Textile Corp.*, 214 F.3d at 1068 (citations omitted).

## II. DISCUSSION

Plaintiffs seek leave to proceed under a pseudonym to protect sensitive information regarding the sex trafficking of themselves, and to protect themselves against retaliation from the traffickers or persons associated with them. Plaintiffs have filed a declaration stating that she believes the persons who trafficked them were members of a gang; the traffickers terrified and physically harmed them; and the traffickers threatened the lives of Plaintiffs during trafficking episodes. Decl. of Jane and John Does. ¶¶ 2-15, ECF ____. Plaintiffs states that they wishes to use Jane and John Doe as a pseudonym to protect her safety and privacy while litigating this case. *See id.* ¶15.

The Court finds that Plaintiff's desire to protect sensitive information about their sex trafficking, as well as her fear of retaliation, constitute adequate bases to grant their request for leave to proceed under a pseudonym. Disclosure of Plaintiff's name in connection with details about the victimization of the Does could subject Plaintiffs to ridicule or personal embarrassment. Moreover, Plaintiffs have established a reasonable fear of physical harm and they appear to be vulnerable to retaliation given their reasonable belief that the traffickers or their associates know what they look like.

There is no prejudice to Defendants in allowing Plaintiffs to use a pseudonym at this stage of the proceedings. Finally, it is the Court's view that the public's interest in the case can be satisfied without revealing Plaintiffs' identity. The key allegations and arguments in the case will not be enhanced by knowledge of Plaintiffs' names. Other district courts have allowed use of a pseudonym where "[t]here is nothing about the Plaintiffs' identities that makes it critical to the working of justice to reveal those identities." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015). The Ninth Circuit argued in *Advanced Textile Corp.*, that the prior disclosure of some plaintiffs' names did not refute evidence that they had a reasonable fear of retaliation, and that "whatever knowledge defendants have of plaintiffs' identities only lessens

their claims to be prejudiced by the use of pseudonyms." *Advanced Textile Corp.*, 214 F.3d at 1069 n.11. The Court must "determine the precise prejudice at each stage of the proceedings to the opposing party." *Advanced Textile Corp.*, 214 F.3d at 1068. In the event this case goes to trial, Defendants may assert any objections to Plaintiff's continued use of a pseudonym.

In summary, the Court concludes that at this stage of the proceedings, Plaintiffs' "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.*, 214 F.3d at 1068.

**III. ORDER**

1. (1) Plaintiff's motion to proceed under a pseudonym is GRANTED.
2. (2) Defendants may object to Plaintiff's continued use of a pseudonym if and when this case goes to trial.

Dated: _____

By: _____

Hon. Rita F. Lin

U.S. District Magistrate Judge