UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY PARHAM, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SEAN COMBS, et al.,<br><br>        Defendants. | Case No. 24-cv-07191-RFL<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 38 |

      The Court requests that the parties be prepared to provide their views on the following at the hearing on Defendant Drew Desbordes' motion for sanctions, set for July 8, 2025, at 10:00 a.m., in Courtroom 15 at the San Francisco Courthouse:

      Having considered the motion for sanctions and associated evidence, the Court is tentatively of the view that Plaintiffs' allegations pertaining to Desbordes now lack a factual basis. From Desbordes' phone and bank records, it appears virtually certain that he was in Georgia, not in Orinda, California, at the time of the alleged assault in March 2018. However, when Plaintiffs added Desbordes to this lawsuit, there *did* appear to be a reasonable factual basis to name him. Before Plaintiffs sued Desbordes, two individuals—Jane Doe and John Doe—contacted Ms. Mitchell, offering to provide information related to the case. The individuals informed Ms. Mitchell that Desbordes was present at the time of the assault. To confirm this fact, Ms. Mitchell presented Plaintiff Parham with a "photo lineup," during which Parham identified Desbordes as one of the individuals who participated in the alleged assault. Parham did not know the other two individuals or communicate with them prior to her identification. Even if Desbordes' participation is inconsistent with Parham's initial reports concerning the alleged assault, Plaintiffs identify plausible reasons why Parham may have been initially hesitant

1

to name all of her alleged attackers.  If the Court were to conclude that a reasonable and competent inquiry occurred prior to including Desbordes in the amended complaint, does Desbordes nonetheless contend that sanctions can still be issued under Rule 11 based on the fact that Plaintiffs refused to voluntarily dismiss Desbordes after reviewing the additional information from his cell phone and bank records?  If so, what Ninth Circuit case law supports that view, given that Rule 11 requires only that counsel certify the reasonableness of papers as of the time of the filing and does not impose a continuing obligation to correct previous filings that have since turned out to be incorrect?

After addressing the above questions at the hearing, each side will have an opportunity to present additional argument that they wish the Court to hear.  The parties **shall not** file written responses to this Notice of Questions.

**IT IS SO ORDERED.**

Dated: July 2, 2025

RITA F. LIN
United States District Judge