UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY PARHAM, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> SEAN COMBS, et al., <br><br>  Defendants. | Case No. 24-cv-07191-RFL <br><br> **ORDER DENYING MOTION FOR SANCTIONS AND ORDERING PLAINTIFFS TO SHOW CAUSE** <br><br> Re: Dkt. Nos. 38, 39 |

   This lawsuit concerns the alleged gang rape of Plaintiff Ashley Parham that occurred on March 23, 2018, in Orinda, California. On March 13, 2025, Plaintiffs amended their complaint to add Defendant Drew Desbordes to the lawsuit, alleging that he participated in the rape. Desbordes has moved for sanctions against Plaintiffs' counsel under Rule 11 of the Federal Rules of Civil Procedure, which requires attorneys to have a factual basis for allegations made in a complaint and to have conducted a reasonable investigation prior to filing suit. (Dkt. No. 38.) After the lawsuit was filed, Desbordes' counsel sent Plaintiffs' counsel evidence, including debit card records and phone records, showing that it was virtually certain that Desbordes was in Georgia at the time of the alleged rape, and thus could not have participated in the assault.

   At the time that Plaintiffs' counsel filed the amended complaint, there did appear to be a reasonable factual basis for naming Desbordes, as further explained below. Therefore, the Court declines to sanction Plaintiffs' counsel for suing Desbordes in the first place and **DENIES** the motion. However, even after receiving the new evidence about Desbordes, Plaintiffs' counsel continued to allege at the hearing on July 10, 2025, that the claims against Desbordes are viable and stated that Plaintiffs intend to pursue them. Those continued allegations appear to have no reasonable factual basis. Accordingly, the Court **ORDERS** Plaintiffs' counsel **TO SHOW CAUSE** why sanctions should not be issued for the statements made at the July 10, 2025 hearing.

1

I.     BACKGROUND

   A.     Allegations of the Complaints

On October 15, 2024, Plaintiff Ashley Parham filed this lawsuit against Defendants Sean Combs, Kristina Khorram, Shane Pearce, John Does 1-3, and Jane Doe. (Dkt. No. 1.) In her complaint, Parham alleges that she met Pearce at a bar in February 2018. While at the bar, Pearce allegedly FaceTimed Combs. Parham alleges that she had a tense exchange with Combs over FaceTime because she accused Combs of being responsible for Tupac Shakur's death.

According to the complaint, Pearce allegedly invited Plaintiff over to his home in Orinda, California on March 23, 2018. After Plaintiff and Pearce allegedly took a ride in his car, they returned to his residence. Approximately ten minutes later, Combs allegedly entered the residence, accompanied by Khorram and other Doe Defendants. At that point, Combs allegedly threatened Parham with a knife. He then allegedly violently raped her. Plaintiff alleges that Pearce and other Doe Defendants, including an individual identified as Doe 1 in the initial complaint, also raped her.

Parham alleges that Pearce set her up to be assaulted by Combs because of the statements she made about Combs over FaceTime. The complaint alleges facts in great detail relating to the lead up to the March 23, 2018 incident, the alleged gang rape, and the aftermath of the incident.

Defendant Desbordes was not named in the initial complaint. However, on March 13, 2025, Plaintiff Parham, in addition to Plaintiffs Jane Doe and John Doe, filed an amended complaint, naming additional Defendants Ruben Valdez, John Pelletier, Odell Beckham Jr., Drew Desbordes, Jacquelyn Wright, Helena Harris-Scott, Matias Gonzalez, Brandi Cunningham, Janice Combs, Keith Lucks, and John and Jane Does 1-10. (Dkt. No. 19.) Desbordes is one of the Defendants alleged to have participated in the gang rape of Parham, identified as Doe 1 in the initial complaint.

The amended complaint also adds allegations relating to the two additional Doe Plaintiffs, Jane Doe and John Doe. The Doe Plaintiffs allege that, on an earlier date, Defendant Pelletier abducted them at gunpoint as they were walking to their vehicle somewhere in Las

2

Vegas. They were initially allegedly transported to a different location in Las Vegas, and then were allegedly trafficked to various locations in California. Eventually, the Doe Plaintiffs were allegedly transported to the Orinda residence.

At the Orinda residence, the Doe Plaintiffs allegedly witnessed Parham's gang rape. Additionally, Jane Doe was allegedly sexually assaulted by Defendant Valdez in another room. The Doe Plaintiffs were allegedly driven to a main road off the freeway and released later that night.

### B. Motion for Sanctions

On or about April 17, 2025, Desbordes served Plaintiffs with a copy of his motion for sanctions. Plaintiffs did not agree to withdraw their amended complaint or to otherwise drop their claims against Desbordes. After complying with the requirements of the safe harbor provision, Desbordes filed his motion for sanctions in court on May 9, 2025. Desbordes is seeking sanctions on the basis that Plaintiffs' allegations and claims against him, as stated in the amended complaint, are frivolous.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 states that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party [is] certif[ying] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Where Rule 11 is violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The moving party bears the burden to establish that sanctions are warranted. *See Tom Growney Equip., Inc. v. Shelly Irrigation Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987).

A Rule 11 violation "must be predicated on the certification of some legal or factual claim." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1998). Where a Rule 11

motion is directed at a complaint, the court must conduct a two-prong inquiry to determine "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). "Although prior to the [1993] amendments conduct was measured only at signing, Rule 11 now authorizes sanctions for 'presenting to the court (whether by signing, filing, submitting, or *later advocating*)' a document otherwise sanctionable." *Buster v. Greisen*, 104 F.3d 1186, 1190 n.4 (9th Cir. 1997) (quoting Fed. R. Civ. P. 11(c)(1)(A) (emphasis added)); *see also Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174 n.5 (C.D. Cal. 2002) ("Though Rule 11 most often applies to signed papers 'presented' to the court, later oral advocacy of positions set forth in pleadings or other papers is also sanctionable if those positions are known (or in the exercise of reasonable judgment should be known) to be unsupported in fact or law.").

"Motions brought under Rule 11 'must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).'" *SG Blocks, Inc. v. Hola Cmty. Partners*, No. 20-cv-03432, 2021 WL 2714596, at *3 (C.D. Cal. July 1, 2021) (quoting Fed. R. Civ. P. 11(c)(2)). "Rule 11 also contemplates a safe harbor provision that requires that parties filing for Rule 11 sanctions 'give the opposing party 21 days first to withdraw or otherwise correct the offending paper.'" *Rattagan v. Uber Techs., Inc.*, No. 19-cv-01988-EMC, 2019 WL 3891714, at *2 (N.D. Cal. Aug. 19, 2019) (quoting *Hogate*, 425 F.3d at 678). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

### III.  DISCUSSION

#### A.  Motion for Sanctions

Having evaluated the evidence submitted in connection with the motion for sanctions,[1]

---

[1] Desbordes' unopposed motion to seal specific documents, which were filed in connection with his motion for sanctions, is **GRANTED**. (Dkt. No. 39.)

4

Plaintiffs' allegations pertaining to Desbordes almost certainly lack a factual basis. Desbordes' phone and bank records from March 2018 show that he was almost certainly in the state of Georgia at the time of the alleged rape. For example, on March 23, 2018, the date of the alleged rape, Desbordes' debit card shows a purchase at a gas station in Loganville, Georgia. Desbordes also placed and received 16 calls on that date, each of which originated from Atlanta, Georgia.

All of the charges on Desbordes' debit card between March 15, 2018, and March 26, 2018, were made within the state of Georgia. There are ten charges in total during this time period. In addition to Loganville, Desbordes made purchases that posted from Duluth and Snellville, all three of which are cities within an hour drive of Atlanta. On March 26, 2018, one day after Desbordes started a new job at a Longhorn Steakhouse located in Johns Creek, Desbordes made three purchases at the Kroger in Duluth. Duluth is an approximately 15-minute drive away from Johns Creek. Additionally, between March 19, 2018, and March 30, 2018, every call Desbordes made originated from somewhere within the state of Georgia, either from Atlanta or a city within an hour drive of Atlanta.[2] All of that makes it highly improbable that Desbordes was in California on the date of the alleged gang rape, March 23, 2018.

At the hearing, Plaintiffs' counsel argued that this evidence does not conclusively establish that Desbordes was in Georgia at the time of the alleged rape because the phone number associated with these phone records was registered in the name of Cheryl Desbordes, Desbordes' mother. However, Desbordes submitted current phone records showing that he still uses the phone number associated with the records from March 2018. Given that Desbordes' phone records reflect a pattern of activity that is consistent with his bank records, and that it would be unusual for someone to port over a phone number that was previously not their own, these records indicate that Desbordes was almost certainly in Georgia at the time of the alleged incident.

---

[2] At the hearing, Plaintiffs' counsel argued (without citing evidence) that the location in the phone records reflected only the originating area code assigned to the cell phone, rather than the location from which the call was made. That does not appear to be accurate. The phone records list a series of different locations in the Atlanta area over time, even though the area code assigned to the phone number remained the same during that time.

However, there is no suggestion that Plaintiffs' counsel had access to these records when Plaintiffs added Desbordes as a Defendant in the amended complaint. At the time of filing the amended complaint, there *did* appear to be a reasonable factual basis to name Desbordes. According to Plaintiffs' counsel, after the initial complaint was filed, two individuals—Jane Doe and John Doe—contacted Plaintiffs' counsel offering to provide information related to the case. The Doe individuals informed Plaintiffs' counsel that Desbordes was present at the time of the assault. To confirm this fact, Plaintiffs' counsel presented Plaintiff Parham with a "photo lineup," during which Parham identified Desbordes as one of the individuals who participated in the alleged assault. Parham did not know the two Doe individuals or communicate with them prior to her identification. Moreover, even if Desbordes' participation is inconsistent with Parham's initial report from 2018 concerning the alleged assault, Plaintiffs' counsel identifies plausible reasons why Parham may have been initially hesitant to name all of her alleged attackers. Thus, at the time of filing the amended complaint, Plaintiffs' counsel had conducted a reasonable inquiry and had developed facts to plausibly support the claims against Desbordes.

"A claim that has some plausible basis, even a weak one, is sufficient to avoid sanctions under Rule 11." *Rattagan*, 2019 WL 3891714, at *2 (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117-18 (9th Cir. 2001)). Given that Desbordes' motion for sanctions challenges Plaintiffs' counsel's certification of the amended complaint, the motion for sanctions is denied.

### B.     Order to Show Cause

However, Rule 11 authorizes sanctions for "presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or *later advocating* it." Fed. R. Civ. P. 11(b) (emphasis added); *see also SG Blocks*, 2021 WL 2714596, at *2 n.5 ("[I]t is clear that Rule 11 does impose a continuing duty now."). As the advisory committee notes for the 1993 amendment to Rule 11 explain, the rule "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable."

Though Plaintiffs' counsel may have had a reasonable basis to name Desbordes as a

6

defendant at the time of filing the amended complaint, Plaintiffs' counsel's continued advocacy of those allegations appears to constitute sanctionable conduct in light of the information now available.  There appears to be no objectively reasonable factual basis to continue to accuse him.  Yet, at the hearing on the motion for sanctions, Plaintiffs' counsel expressly stated Plaintiffs "have no desire to dismiss Mr. Desbordes" from the lawsuit.

Under Rule 11, courts have the power to issue sanctions on their own initiative, after ordering the "attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  Fed. R. Civ. P. 11(c).  Accordingly, Plaintiffs' counsel is **ORDERED TO SHOW CAUSE** by filing a written explanation by **September 9, 2025** as to why their representations that there is still a factual basis for naming Desbordes in the amended complaint does not warrant sanctions in the form of dismissal or attorneys' fees.  Plaintiffs may file a voluntary dismissal of Desbordes before that date in lieu of a response.  No reply will be required unless further ordered.

**IT IS SO ORDERED.**

Dated: August 19, 2025

RITA F. LIN
United States District Judge