ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
STACEY N. KNOX (SBN 192966)
E-Mail: sknox@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Defendant Odell Beckham, Jr.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY PARHAM, JANE DOE, and JOHN DOE,<br><br>Plaintiffs,<br><br>vs.<br><br>SEAN COMBS a/k/a "P. Diddy," "Puff Daddy," "Love," "Puffy" and "Diddy," KRISTINA KHORRAM, SHANE PEARCE, RUBEN VALDEZ, JOHN PELLETIER, ODELL BECKHAM JR., DREW DESBORDES a/k/a "Druski," JACQUELYN WRIGHT a/k/a "Jaguar Wright", HELENA HARRIS-SCOTT, MATIAS GONZALEZ, BRANDI CUNNINGHAM, JANICE COMBS, KEITH LUCKS a/k/a "Big Homie CC," and JOHN and JANE DOES 1-10,<br><br>Defendants. | Case No. 3:24-cv-07191-RFL<br><br>**DECLARATION OF ANDREW V. JABLON IN SUPPORT OF MOTION OF ODELL BECKHAM JR. FOR THE IMPOSITION OF SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL PURSUANT TO FED. R. CIV. P. 11; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:  Hon. Rita F. Lynn<br>Date:   October 14, 2025<br>Time:   10:00 a.m.<br>Crtrm.:  15<br><br>Judge:  Hon. Rita F. Lin<br><br>Trial Date:     None Set |

1139830.1

Case No. 3:24-cv-07191-RFL
DECLARATION OF ANDREW V. JABLON ISO MOTION OF ODELL BECKHAM JR. FOR THE IMPOSITION OF SANCTIONS AGAINST PLAINTIFFS AND THEIR COUNSEL PURSUANT TO FED. R. CIV. P. 11

## DECLARATION OF ANDREW V. JABLON

I, Andrew V. Jablon, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and, through my professional corporation, am a partner with the law firm of Resch Polster & Berger LLP ("**RPB**"), counsel for Defendant Odell Beckham Jr. ("**Beckham**") in the instant lawsuit commenced by plaintiff Ashley Parham ("**Plaintiff**"). I have personal knowledge of the matters set forth herein, either as a direct participant in the matters described, or in my capacity as one of the attorneys responsible for the handling of this case on behalf of RPB. As to those matters, my knowledge is based upon a review of the files maintained and relied upon by RPB in its regular course of business. I am familiar with the manner in which those files are created and maintained. If called and sworn as a witness, I could and would competently testify to the matters set forth herein.

2. Attached hereto as Exhibit "1" is a true and correct copy of the complete records from the Domestic Violence Restraining Order proceeding between and among Plaintiff and Shane Pearce – Contra Costa County Case No. D19-02677, comprising 70 pages total, which includes Plaintiff's response (the "**Response**"), dated July 8, 2019, to Pearce's restraining order request. Exhibit A to Plaintiff's Response is a police report, which I am informed and believe Plaintiff submitted on April 17, 2018. Michael Frame, an investigator engaged by my office and working at my direction, retrieved the restraining order materials, including the April 17, 2018 police report and other exhibits attached thereto, from the public record by requesting such files directly from the clerk of the Superior Court of Contra Costa County. He then forwarded those materials to my attention.

3. Mr. Frame also submitted a request for records and information to the Contra Costa County Office of the Sheriff, pursuant to the California Public Records Act (Gov. Code § 7923.605), regarding any prior police report filed by Plaintiff in connection with the incident in question. Attached hereto as Exhibit "2" is a true and

correct copy of the response, dated May 29, 2025, that our investigator received from the Contra Costa County Sheriff, confirming that Mr. Beckham was not, in fact, named as a suspect in Plaintiff's initial police report, or otherwise.

4. I wrote to Plaintiff's Counsel on April 30, 2025, to alert counsel of the baseless nature of Plaintiff's claims and of evidence directly contradicting such claims. A true and correct copy of my April 30 correspondence is attached hereto as Exhibit "3."

5. Plaintiff's Counsel ignored that correspondence entirely, and then, in response to a follow up email I wrote to her on May 13, 2025, wrote back to me stating "either file your motions or not." A true and correct copy of my May 13, 2025 email exchange with Plaintiff's Counsel on these issues is attached hereto as Exhibit "4."

6. Plaintiff and her counsel have conducted a publicity tour in connection with this case. In addition to appearing in "Diddy: Making of a Bad Boy" documentary film that premiered on Peacock+ on January 14, 2025, a selection of interviews with Plaintiff and Ms. Mitchell, as well as Ms. Mitchell by herself can be found at:

    A. https://www.youtube.com/shorts/4PcJyAhI1ho "With 'continued therapy,' Diddy accuser may recall more"

    B. https://www.youtube.com/watch?v=5kjd6MgF7WU "Diddy accuser claims she was drugged, raped by multiple men"

    C. https://www.youtube.com/watch?v=7rYbCPxDF9Y "Alleged Diddy victim says cops won't turn over 2018 rape report | Banfield – YouTube"

    D. https://www.youtube.com/watch?v=RPXN6jmYKI0 "Diddy's new accuser says he raped her in 2018"

    E. https://www.youtube.com/watch?v=M44jYUeqm7k "Diddy accuser returned, spent night at alleged rape scene"

    F. https://www.youtube.com/watch?v=1JfAQVECALQ "Diddy

RESCH POLSTER & BERGER LLP

rape accuser reveals explicit details from lawsuit FULL INTERVIEW"

Additionally, attached hereto as Exhibit "5" are just a handful of articles discussing the case.

7. On June 17, 2025, I emailed and also caused to be sent via FedEx to Plaintiff's counsel a copy of the instant Motion and its supporting exhibits, in order to comply with Rule 11(c)(2)'s "safe harbor" provision, again cautioning that the Motion would be filed if Plaintiff did not withdraw and dismiss her frivolous claims against Beckham. Plaintiff's Counsel declined to do so.

8. My partner Stacey N. Knox and I spent not less than 31.8 and 40.1 hours, respectively, on tasks relating to the instant motion, including: (a) marshalling the evidence provided herewith; (b) preparing the demand letter that is Exhibit 3; and (c) drafting and revising the instant Motion. I am a 1998 graduate of Georgetown University Law Center, and Mr. Knox is a 1997 graduate of UC Berkeley School of Law, and we both have spent their entire careers practicing civil litigation with an emphasis in business disputes. My hourly rate is $725; and Mr. Knox's hourly rate is currently $635. In addition to hours already spent, I anticipate that Mr. Knox and I will spend another 10 and 8 hours, respectively, in tasks related to the Motion, including reviewing any opposition, preparation of a reply brief, and attendance at any hearing. I thus anticipate that Mr. Beckham will incur not less than $61,896 in fees in tasks relating to this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of June, 2025, at Los Angeles, California.

_____
Andrew V. Jablon