| | |
|---|---|
| 1 | ANDREW V. JABLON (SBN 199083) |
|   | E-Mail: ajablon@rpblaw.com |
| 2 | STACEY N. KNOX (SBN 192966) |
|   | E-Mail: sknox@rpblaw.com |
| 3 | RESCH POLSTER & BERGER LLP |
|   | 1840 Century Park East, 17th Floor |
| 4 | Los Angeles, California 90067 |
|   | Telephone: 310-277-8300 |
| 5 | Facsimile: 310-552-3209 |
| 6 | Attorneys for Defendant Odell Beckham, Jr. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ASHLEY PARHAM, JANE DOE, and JOHN DOE, | Case No. 3:24-cv-07191-RFL |
| Plaintiffs, | **NOTICE OF APPLICATION AND *EX PARTE* APPLICATION TO RECONSIDER PORTION OF ORDER GRANTING MOTION TO WITHDRAW AND STAYING DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| SEAN COMBS a/k/a "P. Diddy," "Puff Daddy," "Love," "Puffy" and "Diddy," KRISTINA KHORRAM, SHANE PEARCE, RUBEN VALDEZ, JOHN PELLETIER, ODELL BECKHAM JR., DREW DESBORDES a/k/a "Druski," JACQUELYN WRIGHT a/k/a "Jaguar Wright", HELENA HARRIS-SCOTT, MATIAS GONZALEZ, BRANDI CUNNINGHAM, JANICE COMBS, KEITH LUCKS a/k/a "Big Homie CC," and JOHN and JANE DOES 1-10, | *Filed concurrently with Declaration of Andrew V. Jablon*<br><br>Judge:  Hon. Rita F. Lin<br><br>Trial Date:  None Set |
| Defendants. | |

/ / /

/ / /

/ / /

/ / /

/ / /

Case No. 3:24-cv-07191-RFL
NOTICE OF EX PARTE APPLICATION AND *EX PARTE* APPLICATION TO RECONSIDER ORDER GRANTING MOTION TO WITHDRAW AND STAYING DEADLINES RE RULE 11 MOTION

1163233.4

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD, INCLUDING WITHDRAWING COUNSEL:**

**PLEASE TAKE NOTICE THAT** defendant Odell Beckham Jr. ("**Beckham**") hereby applies before this Court, *ex parte*, for an order reconsidering portions of its September 30, 2025 Order Granting Motion to Withdraw and Staying Deadlines (the "**Withdrawal Order**"). The Withdrawal Order grants plaintiff's counsel's motion to withdraw (the "**Withdrawal Motion**"), <u>which was neither served nor made available on the public docket in redacted form</u>, while staying dates and vacating the upcoming hearing on Beckham's pending *Motion for the Imposition of Sanctions Against Plaintiffs and Their Counsel Pursuant to Fed. R. Civ. P. 11* (the "**Sanctions Motion**"), which seeks monetary sanctions and dismissal of claims against Beckham.

Beckham now requests an order reconsidering only the stay component of the Withdrawal Order, reinstating the October 14, 2025 hearing date on the Sanctions Motion, or alternatively, taking the Sanctions Motion under submission and ruling thereon.

Good cause exists to grant this Application on an *ex parte* basis, as:

1. Beckham is suffering continued reputational and financial harm as long as this suit remains pending, notwithstanding the facially baseless, frivolous nature of the action, as detailed in the Sanctions Motion and confirmed by, *inter alia*, Plaintiff's failure to oppose the Sanctions Motion, the Opposition for which was due on September 3, 2025.

2. Beckham did not previously have an opportunity to oppose the relief sought via the Withdrawal Motion, including the stay, given that plaintiff's lawyers, Ariel Mitchell and Sean Perez ("**Plaintiff's Counsel**"), admittedly failed to serve – redacted or otherwise – any of the papers filed in connection with the Withdrawal Motion.

3. Plaintiff will not suffer any prejudice as a result of the requested relief because:

    A. The Sanctions Motion stands fully briefed and unopposed, as the deadline to file any opposition passed nearly two weeks prior to the Withdrawal Motion being filed;

    B. The Sanctions Motion is against Plaintiff *and Plaintiff's Counsel*, and remains pending against said counsel, with this Court retaining jurisdiction to rule, notwithstanding

their withdrawal. As the critical issues in the Sanctions Motion are counsel's lack of pre-filing investigation *and* failure to dismiss within the safe harbor period after the Motion's service, should the Court conduct a hearing, Plaintiff's Counsel would presumably appear to defend their conduct (notwithstanding their failure to file an opposition, even on their own behalf).

The Application is based upon this Notice of Application and Application, the attached Memorandum of Points and Authorities, the accompanying declaration Andrew V. Jablon, all other pleadings and records on file in this action, and upon such other oral and documentary argument and evidence as may be presented at or before any hearing the Court should set on this Application.

DATED: October 6, 2025                    RESCH POLSTER & BERGER LLP


By: _____
ANDREW V. JABLON
STACEY N. KNOX
Attorneys for Defendant Odell Beckham, Jr.

3                         Case No. 3:24-cv-07191-RFL
NOTICE OF EX PARTE APPLICATION AND *EX PARTE* APPLICATION TO RECONSIDER ORDER GRANTING MOTION TO WITHDRAW AND STAYING DEADLINES RE RULE 11 MOTION

1163233.4

**TABLE OF CONTENTS**

**Page**

A.   Introduction and Summary of Argument. ................................................................................6

B.   Reconsideration of the Withdrawal Order's Stay of the Sanctions Motion is Appropriate........................................................................................................................8

C.   The Withdrawal Motion Was Unnoticed and Unserved, and Thus an Improper *Ex Parte* Motion, of Which Beckham Was Entirely Unaware.....................................................8

D.   The Court Can And Should Proceed Immediately With Beckham's Sanctions Motion. ...................................................................................................................................10

E.   Ex Parte Relief Is Appropriate And Necessary. ....................................................................12

F.   Conclusion.............................................................................................................................13

4   Case No. 3:24-cv-07191-RFL
NOTICE OF EX PARTE APPLICATION AND *EX PARTE* APPLICATION TO RECONSIDER ORDER GRANTING MOTION TO WITHDRAW AND STAYING DEADLINES RE RULE 11 MOTION

1163233.4

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Holgate v. Baldwin* (9th Cir. 2005)
    425 F.3d 671 ................................................................................................................. 9

*In re Itel Securities Litigation* (9th Cir. 1986)
    791 F.2d 672 ................................................................................................................. 9

**Federal Statutes**

11 U.S.C.
    § 352(a)(6) .................................................................................................................. 10

Fed. R. Civ. P. Rule 4(m) ..................................................................................................... 9

Fed. R. Civ. P. Rule 5 .......................................................................................................... 6

Fed. R. Civ. P. Rule 5(a)(1) ............................................................................................. 3, 6

Fed. R. Civ. P. Rule 11 .......................................................................................... 3, 4, 7, 8, 9

Fed. R. Civ. P. Rule 78(b) .................................................................................................... 9

**Other Authorities**

Local Rule 7-3 ...................................................................................................................... 8

Local Rule 7-9 ...................................................................................................................... 5

Local Rule 7-9(b)(1) ............................................................................................................. 5

Local Rule 7-10 .................................................................................................................... 7

Local Rule 11-5(a) ................................................................................................................ 7

Local Rule 79-5 .................................................................................................................... 6

Local Rule 79-5(e) ................................................................................................................ 6

5                                    Case No. 3:24-cv-07191-RFL
NOTICE OF EX PARTE APPLICATION AND *EX PARTE* APPLICATION TO RECONSIDER ORDER
GRANTING MOTION TO WITHDRAW AND STAYING DEADLINES RE RULE 11 MOTION

1163233.4

**MEMORANDUM OF POINTS AND AUTHORITIES**

A. **Introduction and Summary of Argument**.

The Court's September 30, 2025 Withdrawal Order [Docket # 67] is premised, in part, on the mistaken notion that the Withdrawal Motion [Docket # 63, 65] was "unopposed". However, in violation of both Rule 5(a)(1)'s service requirements *and* the Court's earlier order [Docket # 64] requiring that a redacted version of the Withdrawal Motion be filed on the public docket, Beckham was <u>never</u> served with the Withdrawal Motion, redacted or otherwise. Beckham only learned of the Withdrawal Motion when the Withdrawal Order was issued, and did not receive a copy of the redacted Withdrawal Motion until October 3, 2025, at 9:19 p.m., when plaintiff's counsel Sean Perez finally emailed a courtesy copy to Beckham's counsel (and then only in response to Beckham counsel's specific request after having seen the Withdrawal Order). (Declaration of Andrew V. Jablon ["**Jablon Declaration**"], ¶ 7.)

Beckham was thus denied the opportunity to address the relief the Withdrawal Motion sought <u>relating directly to him</u> – the stay of the action and continuance of the hearing on his pending Sanctions Motion. As detailed below, the Court's Withdrawal Order, which holds Beckham's Sanctions Motion in abeyance for an indeterminate period of time, is causing irreparable harm. The Order should be reconsidered for the limited purpose of having the hearing on the Sanctions Motion reinstated and proceeding as initially scheduled, on October 14, 2025, or, alternatively, the Motion being taken under submission and ruled upon without further delay. As the Sanctions Motion turns on Plaintiff's Counsel's failure to comply with Rule 11, and any opposition was due on September 3, 2025 (well prior to the Withdrawal Motion being filed), plaintiff Ashley Parham ("**Plaintiff**") will not suffer any prejudice by virtue of the requested relief.

The Sanctions Motion seeks the suit's dismissal as to Beckham, as well as monetary sanctions against Plaintiff and Plaintiff's Counsel[1], as no reasonable attorney would have filed this action, let alone continued to pursue it, in light of: (1) Plaintiff's prior statements, <u>including those</u>

---

[1] Plaintiff's Counsel also purported to represent two additional "Doe" plaintiffs, though Beckham has seen no clear indication that those individuals in fact exist, and from all indications, the Court has not even been provided their real names.

<u>made under oath</u>, describing an assault by two white men, not anything remotely like what is in the operative Complaint; and (2) the irrefutable evidence in the record that Beckham was hundreds of miles from the alleged crime scene during the relevant time-frame. The Sanctions Motion was served on June 17, 2025, and Plaintiff's Counsel took no action during Rule 11's 21 day safe harbor period. Nor, for that matter, was any opposition (due on September 3, 2025) ever filed. Instead, without any apparent reference to any reason why they did not or could not have opposed the Sanctions Motion, 12 days after any such Opposition was due, Plaintiff's Counsel filed their Withdrawal Motion.

Whether a ham-fisted effort to evade personal sanctions, or simply a recognition that, after nearly a year of milking this frivolous action for publicity, they could no longer abet their client's malicious prosecution of Beckham, Plaintiff's Counsel remains subject to the relief the Sanctions Motion seeks. Yet they did not serve their Withdrawal Motion on Beckham in any form, redacted or otherwise, prior to the Court's ruling. Had he been properly served with the Withdrawal Motion as required, Beckham would have opposed the delay that the Withdrawal Order's stay now imposes as to the Sanctions Motion. No such delay is necessary or appropriate, as:

    A.    The matter stands fully briefed and unopposed, as the deadline to file any opposition passed nearly two weeks prior to the Withdrawal Motion being filed; and

    B.    The Sanctions Motion remains pending against Plaintiff's Counsel notwithstanding any withdrawal. As the critical issues in the Sanctions Motion are counsel's lack of pre-filing investigation *and* their failure to dismiss within the safe harbor period (i.e., by July 8, 2025 – 69 days prior to filing the Withdrawal Motion), should the Court conduct a hearing, Plaintiff's Counsel would presumably appear to defend their misconduct (notwithstanding their failure thus far to oppose the relief sought against them).

Accordingly, Beckham now seeks *ex parte* relief and reconsideration to stop the irreparable harm being caused by this baseless lawsuit – harm exacerbated and extended by the Withdrawal Order unnecessarily staying any outstanding deadlines in connection with the Sanctions Motion. Every day that Plaintiff's scurrilous allegations are left to fester, Beckham faces both reputational harm *and* demonstrable monetary harm, which neither monetary sanctions nor a malicious

prosecution judgment could ever fully compensate. (Jablon Decl., ¶ 8.)

### B. Reconsideration of the Withdrawal Order's Stay of the Sanctions Motion is Appropriate.

Local Rule 7-9 authorizes reconsideration where "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." L.R. 7-9(b)(1). Here, the "material difference in fact" is Plaintiff's Counsel apparently leading the Court to conclude that their Withdrawal Motion and/or their Motion to Seal were being properly filed and served, in accordance with the Cout's explicit mandate in the September 17, 2025 Sealing Order, when in fact they never were, despite seeking a continuance of the Sanctions Motion, leaving Beckham no opportunity to respond.

Rule 7-9 requires a party seeking reconsideration to have exercised "reasonable diligence" in ascertaining the facts previously unknown to it. L.R.7-9(b)(1) ("party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"). Here, Beckham did so, having no control over Plaintiff's Counsel's *ex parte* submission to the Court, and seeking clarification from the Court's clerk upon the first indication that Plaintiff's Counsel had moved for relief without serving Beckham with any notice or moving papers. (Jablon Decl., ¶ 5; Exh. A.)

### C. The Withdrawal Motion Was Unnoticed and Unserved, and Thus an Improper *Ex Parte* Motion, of Which Beckham Was Entirely Unaware.

The Court's statement in its Withdrawal Order that the Withdrawal Motion was unopposed (*see* Withdrawal Order, at 1) presents an incomplete picture, given that Beckham (and Desbordes) had no ability or opportunity to oppose the Withdrawal Motion, because Defendants' counsel never received service of any such papers and has had no access to them on-line. (Jablon Decl., ¶¶ 3-6.)

Indeed, Beckham now understands, having received a belated courtesy copy of the Withdrawal Motion, that Plaintiff's Counsel's failure to serve Beckham was intentional, and they contend justified, due to the fact that Beckham had not been served with Plaintiff's Complaint or any summons thereon. (*See* Withdrawal Motion, at pg. 13, ¶ 5.) This contention is farcical, and reflects a blatant effort to manipulate the judicial process, as Plaintiff's Counsel was aware of

Beckham's Sanctions Motion, specifically discussing it in the Withdrawal Motion, and *specifically requesting this Court's relief with respect to the Sanctions Motion*. Plaintiff's Counsel hoped to hide their withdrawal from Beckham, apparently believing that they could sneak away from the lawsuit without ever facing the relief that his Sanctions Motion seeks. Indeed, Plaintiff's Counsel's covert submission of the Withdrawal Motion is the type of unethical conduct for which the Sanctions Motion seeks redress.

Counsel's failure to serve even a redacted version of the Withdrawal Motion was in direct violation of Rule 5 of the Federal Rules of Civil Procedure, which mandates service of motion papers on all parties, regardless of whether they have appeared or not. Fed. R. Civ. P. 5(a)(1). Plaintiff's Counsel's failure to serve is all the more egregious given that Beckham had appeared, for the limited purpose of the Sanctions Motion, which on its face is implicated with the Withdrawal Motion. And service of the Withdrawal Motion could have been readily made on the undersigned, who had been in communication with Plaintiff's Counsel about the case before even filing the Sanctions Motion. (*See* Jablon Decl., ¶ 2.)

Moreover, Plaintiff's Counsel violated Local Rule 79-5, which provides that, where a party moves to file documents under seal, "the party shall redact the confidential information from the pleading or brief *filed on the public docket*." L.R. 79-5(e) (emphasis added). Plaintiff's Counsel also acted in direct violation of this Court's Order of September 17, 2025, directing them to publicly file a redacted copy of their Motion. [Docket #64.] Plaintiff still filed nothing on the public docket.

While Beckham's counsel was alerted that Plaintiff's Counsel had filed *something* – though it was unclear what at that time – upon receipt of the Court's ECF notifications regarding Plaintiff's September 15, and September 22, 2025 filings, those documents were, and remain, under seal and unable to be accessed. (Jablon Decl., ¶¶ 3-4.) Confused upon seeing the ECF notifications for Docket entries #s 63 and 65, especially in light of the Court's September 17, 20205 Order that is Docket #64, and being unable to access those documents, Beckham's counsel reached out to the Court's clerk by email on September 25, 2025, requesting clarification, but received no response (Jablon Decl., ¶ 5). Beckham's counsel instead learned details of Plaintiff's submissions only upon receiving the ECF notifications of the Court's September 30, 2025 Withdrawal Order and Order

Granting Administrative Motion to Seal (the "**Sealing Order**"). (Jablon Decl., ¶ 6.)

Plaintiff's Counsel's Withdrawal Motion and their Motion to Seal were thus improper *ex parte* submissions to this Court, in direct violation of Local Rule 7-10, which prohibits *ex parte* motions – those "filed without notice to opposing party" – unless such motions are expressly authorized by "statute, Federal Rule, local rule, or Standing Order." L.R. 7-10. Plaintiff's Counsel can point to no such authority. *See* L.R. 11-5(a) (requiring in the specific context of attorney withdrawal that "written notice," be provided "reasonably in advance, to the client and to all other parties who have appeared in the case").

### D. The Court Can And Should Proceed Immediately With Beckham's Sanctions Motion.

The procedural history of this case makes clear that allowing Plaintiff's Counsel to withdraw should not impact the Court's scheduling or ruling upon Beckham's Sanctions Motion, as they were notified of, and have avoided addressing these issues for months.

Although not required by Rule 11, prior to even serving the Sanctions Motion, Beckham's counsel sent a detailed meet and confer letter to Plaintiff's Counsel on April 30, 2025, in which they provided:

(a) a copy of the police report where Plaintiff details being assaulted by her former friend and consensual partner, Sean Pearce, and another white male; and

(b) a copy of Plaintiff's sworn declaration, which Plaintiff had submitted in opposition to a temporary restraining order, detailing the same alleged assault by two white men, and attaching contemporaneous correspondence with Mr. Pearce about the alleged assault.

(Jablon Decl., ¶ 2.)

Moreover, the meet and confer letter included irrefutable evidence that Beckham was hundreds of miles away at the time of the alleged assault, such that even if Plaintiff had somehow mixed up one of the most famous athletes in the world with two "skinny" middle-aged white men, there could be no question that Beckham should <u>not</u> have been named in this action. Yet, in the face

of such evidence, which they have made no attempts to rebut, Plaintiff's Counsel ignored the demand to dismiss the case.

Plaintiff and her counsel again had the opportunity to drop the case during the Rule 11 safe harbor period, after the Sanctions Motion was served on June 17, 2025. They did not.

Plaintiff and her counsel also had an opportunity to drop the case when they were served with the *Motion for the Imposition of Sanctions Against Plaintiffs and Their Counsel Pursuant to Fed. R. Civ. P. 11* (the "**Desbordes Motion**") [*See* Docket # 38] filed by Drew Desbordes, who was added to the suit in the same amended complaint that also named Beckham as a defendant. [*See* Docket # 18.] Instead, they persisted in their allegations, raising arguments in opposition, which this Court noted in its August 19, 2025 order (the "**Desbordes OSC**") "appear to have no reasonable factual basis." (Docket # 54, at 1.)

Of course, Plaintiff's Counsel had the opportunity to demonstrate that they had made a proper investigation of claims by timely filing an Opposition to Beckham's Sanctions Motion, which was due on <u>September 3, 2025</u>. *See* Local Rule 7-3. Put differently – Plaintiff and her counsel had **127 days** from Beckham's counsel's meet and confer letter to put together *any* viable explanation for why this suit was filed, let alone continued to be prosecuted, as to Beckham. Instead, they simply ignored the matter.

Then, on September 15 and/or 22, 2025, Plaintiff's Counsel filed their un-noticed, un-served *ex parte* Withdrawal Motion[2]:

1. **138 days** after being provided irrefutable evidence that the claims against Beckham should be immediately dismissed;
2. **69 days** after being served with the Beckham Sanctions Motion;
3. **12 days** after any opposition to the Rule 11 Motion was due; and
4. without having even a summons issued in connection with their March 7,

---

[2] Disregard for the rules of civil procedure, ethical guidelines, and the facts, appears to be a continuing problem for Plaintiff's Counsel, as Ariel Mitchell is currently facing disciplinary action by the Florida State Bar for violating Rules 4-4.1 (Transactions with Persons Other than Clients; Truthfulness in Statements to Others) and 4-8.4(c) (Dishonesty, Fraud, Deceit or Misrepresentation) of the *Rules Regulating The Florida Bar.* (Jablon Decl., ¶ 9, Exh. B.)

2025 First Amended Complaint, let alone complying with Fed. R. Civ. Proc. 4(m)'s requirement (and the Court's August 20, 2025 Order) that a complaint be *served* within 90 days of filing, Plaintiff's Counsel's belated effort to distance themselves from the case further demonstrates that they simply had no reasonable basis to bring this lawsuit against Beckham, let alone a basis to continue pursuing it in the face of exculpatory evidence that Beckham provided to Plaintiff's Counsel.[3]  Regardless, the Sanctions Motion stands fully briefed and unopposed.

There is nothing further that Plaintiff's Counsel <u>or Plaintiff</u> are allowed to file at this point in opposition to the Sanctions Motion, and the fact that counsel was allowed to withdraw does not vitiate the Motion as to *them* (in addition to Plaintiff).  Under Rule 11, this Court retains jurisdiction to award the requested sanctions regardless of whether Plaintiff's Counsel remains in the case. *Holgate v. Baldwin* (9th Cir. 2005) 425 F.3d 671, 677 ("The fact that [counsel] was allowed to withdraw…does not protect him from sanctions based on a filing that he made before that withdrawal. […] The signing requirement in Rule 11 makes clear that any attorney who, at any time, certified to the court that a pleading complies with Rule 11 is subject to the rule, <u>*even if the attorney later withdraws from the case*</u>.")  *See also*, *In re Itel Securities Litigation* (9th Cir. 1986) 791 F.2d 672, 675.  An attorney's withdrawal from a representation thus in no way evades Rule 11 sanctions against that attorney based on the attorney's conduct pre-withdrawal.

Plaintiff and her counsel had <u>months</u> to dismiss this travesty of an action against Beckham and chose not to; and given their failure to respond to the Sanctions Motion – either on behalf of the Plaintiff or themselves – the Court may properly take the matter under submission and simply rule on the Motion forthwith.  *Fed. R. Civ. P.* 78(b).  *See also*, *Standing Order For Civil Cases Before Judge Rita f. Lin*.

E. **Ex Parte Relief Is Appropriate And Necessary.**

Beckham seeks the relief requested herein on an *ex parte* basis (while appropriately serving

---

[3] While Beckham takes no position regarding the merits of Plaintiff's claims against any of the other defendants, it warrants mention that one such defendant, Jaguar Wright, has submitted evidence that she was incarcerated in another state at the time of the alleged incident.  [Docket # 62.]

Plaintiff's Counsel), because: (a) there is insufficient time for a noticed motion prior to the initially scheduled October 14, 2025 hearing date; and (b) Beckham is suffering irreparable harm by virtue of the further delay in securing dismissal of this action, which harm will continue for as long as this lawsuit is allowed to continue. For instance, at least one of Beckham's sponsors has only recently purported to terminate a seven figure endorsement deal, specifically citing to Plaintiff's scurrilous allegations in this lawsuit as a supposed basis for repudiating the contract at issue. (Jablon Decl., ¶ 8.)

It is unknown, albeit doubtful, whether Plaintiff or Plaintiff's Counsel has the financial resources to make Beckham whole in any subsequent suit for malicious prosecution (notwithstanding being non-dischargeable in bankruptcy under 11 U.S.C. § 352(a)(6)), so compensatory damages at a later date in a later suit would not be sufficient relief.

### F. Conclusion.

For 212 days, Plaintiff's Counsel has found the time to sit for interviews with the news media while the First Amended Complaint improperly naming Beckham in a grotesque work of fiction has been left stagnant without even a summons being issued. In light of the ongoing and irreparable harm that Beckham is suffering every day that this entirely frivolous lawsuit is allowed to drag on, Beckham requests that the Court reinstate the initially scheduled October 14, 2025 hearing date for the Sanctions Motion, or, alternatively, issue its ruling thereon based on the papers that are already under submission with this Court. Given that the Sanctions Motion was unopposed, and the time for filing any such opposition had long passed before Plaintiff's Counsel even sought to withdraw, Plaintiff and Plaintiff's Counsel will suffer no prejudice as a result of either a reinstated hearing date or the Court's ruling on the Sanctions Motion as submitted.

DATED: October 6, 2025            RESCH POLSTER & BERGER LLP

By: _____
ANDREW V. JABLON
STACEY N. KNOX
Attorneys for Defendant Odell Beckham, Jr.

# PROOF OF SERVICE

**Ashley Parham v. Sean Combs, et al.**
**USDC, Northern District Case No. 3:24-cv-07191-RFL**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1840 Century Park East, 17th Floor, Los Angeles, CA 90067.

On October 6, 2025, I served true copies of the following document(s) described as **NOTICE OF APPLICATION AND EX PARTE APPLICATION TO RECONSIDER PORTION OF ORDER GRANTING MOTION TO WITHDRAW AND STAYING DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

| | |
|---|---|
| Shawn Perez | Ariel Mitchell (Pro hac vice) |
| Law Offices of Shawn R. Perez | The Law Office of Ariel Mitchell, P.A. |
| 7121 West Craig Rd., #113-38 | 500 NW 2nd Ave., #12864 |
| Las Vegas, NV 89129 | Miami, FL 33101 |
| Tel: (949) 492-9545 | Tel: (305) 903-5835 |
| shawn@shawnperezlaw.com | ariel@arielesq.com |
| | |
| Attorneys for Plaintiff | Attorneys for Plaintiffs |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 6, 2025, at Los Angeles, California.

/s/ Nazia Rahman
Nazia Rahman