1  ANDREW V. JABLON (SBN 199083)
   E-Mail: ajablon@rpblaw.com
2  STACEY N. KNOX (SBN 192966)
   E-Mail: sknox@rpblaw.com
3  RESCH POLSTER & BERGER LLP
   1840 Century Park East, 17th Floor
4  Los Angeles, California 90067
   Telephone: 310-277-8300
5  Facsimile: 310-552-3209

6  Attorneys for Defendant Odell Beckham, Jr.

7

8

9              UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12  ASHLEY PARHAM, JANE DOE, and JOHN         Case No. 3:24-cv-07191-RFL
    DOE,
13                                            **DECLARATION OF ANDREW V.**
              Plaintiffs,                     **JABLON IN SUPPORT OF ODELL**
14                                            **BECKHAM JR.'S** *EX PARTE*
         vs.                                  **APPLICATION TO RECONSIDER**
15                                            **PORTION OF ORDER GRANTING**
    SEAN COMBS a/k/a  "P. Diddy," "Puff       **MOTION TO WITHDRAW AND**
16  Daddy," "Love," "Puffy" and "Diddy,"      **STAYING DEADLINES**
    KRISTINA KHORRAM, SHANE PEARCE,
17  RUBEN VALDEZ, JOHN PELLETIER,             *Filed currently with Notice of Application and*
    ODELL BECKHAM JR., DREW                   *Ex Parte Application to Reconsider Portion of*
18  DESBORDES a/k/a "Druski," JACQUELYN       *Order*
    WRIGHT a/k/a "Jaguar Wright", HELENA
19  HARRIS-SCOTT, MATIAS GONZALEZ,            Judge:    Hon. Rita F. Lin
    BRANDI CUNNINGHAM, JANICE COMBS,
20  KEITH LUCKS a/k/a "Big Homie CC," and     Trial Date:          None Set
    JOHN and JANE DOES 1-10,
21
              Defendants.
22

23

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DECLARATION OF ANDREW V. JABLON IN SUPPORT OF *EX PARTE* APPLICATION TO RECONSIDER
ORDER GRANTING MOTION TO WITHDRAW AND STAYING DEADLINES RE RULE 11 MOTION

RESCH POLSTER & BERGER LLP

1163894.1

RESCH POLSTER & BERGER LLP

## DECLARATION OF ANDREW V. JABLON

I, Andrew V. Jablon, declare as follows:

1.      I am an attorney licensed to practice before all courts of the State of California and, through my professional corporation, am a partner with the law firm of Resch Polster & Berger LLP ("RPB"), counsel for Defendant Odell Beckham, Jr. ("**Beckham**").  I have personal knowledge of the matters set forth herein, either as a direct participant in the matters described, or in my capacity as one of the attorneys responsible for the handling of this case on behalf of RPB.  As to those matters, my knowledge is based upon a review of the files maintained and relied upon by RPB in its regular course of business.  I am familiar with the manner in which those files are created and maintained.  If called and sworn as a witness, I could and would competently testify to the matters set forth herein.

2.      I sent Ariel Mitchell and Sean Perez ("**Plaintiff's Counsel**") a detailed meet and confer letter on April 30, 2025, which included, among other things: (a) a copy of the police report where plaintiff Ashley Parham ("**Parham**") details being assaulted by her former friend and consensual partner, Sean Pearce, and another white male; (b) a copy of Plaintiff's sworn declaration, which Plaintiff had submitted in opposition to a temporary restraining order, detailing the same alleged assault by two white men, and attaching contemporaneous correspondence with Mr. Pearce about the alleged assault; and (c) photographic and video evidence conclusively establishing Beckham was in Los Angeles at the time of the alleged incident.

3.      On September 15, 2025, I received an ECF notification that something had been filed in the instant action.  However, when I went to access the document, PACER would not allow me to view the filing, saying that it was under seal.

4.      On September 17, 2025, I received an ECF notification of the Court's Order directing Plaintiff's Counsel filed a redacted version of their September 15, 2025 filing on the public docket. Expecting to receive a copy of the redacted filing, I was surprised when I received the September 22, 2025 ECF notification of another document being filed, but again under seal.

5.      Accordingly, on September 25, 2025, I emailed the Court Clerk to inquire about the filings.  Attached hereto as Exhibit "A" is a true and correct copy of my e-mail to the Clerk.  I

Case No. 3:24-cv-07191-RFL

DECLARATION OF ANDREW V. JABLON IN SUPPORT OF *EX PARTE* APPLICATION TO RECONSIDER
ORDER GRANTING MOTION TO WITHDRAW AND STAYING DEADLINES RE RULE 11 MOTION

1163894.1

1 received no response.

2      6.    I was unaware that Plaintiff's Counsel were seeking to withdraw, or seeking a

3 continuance of Beckham's Rule 11 Motion, until I received the Court's September 30, 2025

4 Withdrawal Order and Order Granting Administrative Motion to Seal (the "**Sealing Order**").

5      7.    I called Sean Perez the following day to inquire about the case and advised him that

6 I had never received a copy of the Motion to Withdraw, nor was a redacted copy filed on the public

7 docket. He was insistent that he had filed a copy of the redacted motion, but as I pointed out to him,

8 he filed it in such a fashion that it was, like the September 15, 2025 filing, under seal. He agreed to

9 forward to me a copy of the redacted Motion by email. I did not receive a copy of the redacted

10 Motion, however, until Friday October 3, 2025, at 9:19 p.m.

11      8.    In my capacity as Beckham's counsel, I have also been tasked with addressing the

12 purported termination of an endorsement agreement as a result of the filing of the instant action

13 against Beckham by Plaintiff. In particular, one of Beckham's endorsement agreements, which

14 guaranteed him payment of over one million dollars, was only recently cancelled, with the sponsor

15 specifically citing the fact that the instant action has continued to languish.

16      9.    Attached hereto as Exhibit "B" is a true and correct copy of a July 24, 2025

17 Complaint filed by the Florida State Bar against Plaintiff's Counsel Ariel Mitchell in the Supreme

18 Court of Florida, which I retrieved from that Court's public docket.

19      I declare under penalty of perjury under the laws of the United States of America that the

20 foregoing is true and correct.

21      Executed on this 6th day of October, 2025, at Los Angeles, California.

22

23                            _____

24                            Andrew V. Jablon

25

26

27

28

RESCH POLSTER & BERGER LLP

Case No. 3:24-cv-07191-RFL

DECLARATION OF ANDREW V. JABLON IN SUPPORT OF *EX PARTE* APPLICATION TO RECONSIDER
ORDER GRANTING MOTION TO WITHDRAW AND STAYING DEADLINES RE RULE 11 MOTION

1163894.1

| | |
|---|---|
| **From:** | Andrew Jablon |
| **Sent:** | Thursday, September 25, 2025 12:16 PM |
| **To:** | rflcrd@cand.uscourts.gov |
| **Subject:** | Parham v. Combs, et al., Case No. 3:24-cv-07191-RFL |

Good afternoon,

I am one of the attorney's representing Odell Beckham, Jr. in connection with the above referenced action.

While Mr. Beckham has not been served with the operative complaint (indeed, no summons has yet been issued), on August 20, 2025 we filed a Rule 11 Motion on his behalf. As a result, we have been receiving ECF notices from the Court.

On September 15, 2025 we received a notice that Plaintiff's counsel filed a document under seal. We were not served with a copy of the document, and note that on September 17, 2025 the Court Ordered a redacted copy of Plaintiff's Motion to Seal be filed on the public docket. On September 22, 2025, we received another ECF notification of a filing by Plaintiff, but again, we were not served with a copy of the document and it was also filed under seal. It is unclear if the September 22 filing was a failed attempt at filing a redacted copy on the public docket or a new document entirely.

While Plaintiff has not (to our knowledge) filed any Opposition to Mr. Beckham's Motion for Sanctions, and the deadline to do so was on September 3, 2025, we are concerned that the under seal filings are somehow connected to our pending Motion. Simply put, we do not know if they relate to: (1) our client's Motion; (2) one of the several other deadlines that Plaintiff's counsel has failed to meet (i.e., responding to the Court's August 19 Order to Show Cause re Dismissal of Mr. Desbordes, and August 20 Order to Show Cause re filing of Proofs of Service); or (3) something else entirely. Would it be possible, therefore, to find out whether the under seal filings are related to our Rule 11 Motion? Any assistance you may be able to provide would be appreciated.

Best regards,

Andrew V. Jablon



**Andrew V. Jablon**
*Partner*
**T** 310.788.7524 | **F** 310.788.6624
ajablon@rpblaw.com
Bio | vCard

**Resch Polster & Berger LLP**

1

**EXHIBIT A - PAGE 4**

1840 Century Park East, 17th Floor
Los Angeles, CA 90067

EXHIBIT A - PAGE 5

IN THE SUPREME COURT OF FLORIDA

THE FLORIDA BAR,

    Complainant,

v.

ARIEL ELISE MITCHELL,

    Respondent.

_____/

Supreme Court Case No.
SC

The Florida Bar File No.
2021-70,465(11D)

## **COMPLAINT**

The Florida Bar, complainant, files this complaint against Ariel Elise Mitchell, respondent, under the Rules Regulating The Florida Bar and alleges:

1.    Respondent is and, at all times relevant to this matter was, a member of The Florida Bar admitted on October 28, 2016, and is subject to the jurisdiction of the Supreme Court of Florida.

2.    Respondent resided and practiced law in Miami-Dade County, Florida, at all times relevant to this matter.

3.    The Eleventh Judicial Circuit Grievance Committee "D" found probable cause to file this complaint under Rule 3-7.4 of the Rules Regulating The Florida Bar.

4.     This matter arises from false statements made by respondent while defending herself against allegations of witness tampering in a high profile complaint against a celebrity.  Following lengthy litigation of sanctions motions based on the same allegations in the civil court, the bar concluded its investigation and the instant complaint follows.

5.     Respondent represents individuals who allege they have been sexually assaulted by celebrities. On or about January 2021, she began representing Jauhara Jeffries ("plaintiff"), who claims she was sexually assaulted by a musician, Tremaine Neverson ("Neverson"), during New Years Eve celebrations in Miami.

6.     In the course of investigating plaintiff's claim, respondent made contact with a potential witness, Mariah Thielen ("Thielen"). The two women met in-person on April 22, 2021 and discussed plaintiff's claim over the course of a meal.

7.     Afterwards, Neverson's defense counsel, Ned Nashban ("complainant") was made aware of the meeting. Complainant spoke to Thielen about the interaction, and thereafter his office prepared a sworn declaration for her to sign.  Thielen signed the sworn declaration on April 24, 2021.

2

8.      In the declaration, Thielen describes the meeting with respondent and her understanding that she was being offered compensation in exchange for corroborating plaintiff's sexual assault claim. Thielen's declaration alleged that respondent claimed to have "contacted several paparazzi and news media outlets" about plaintiff's claim and those organizations would pay respondent and her client for the "story."

9.      Complainant initiated a bar complaint in May of 2021, alerting the bar to respondent's apparent witness tampering. Neverson's mother and Thielen also filed bar complaints concerning the same conduct.

10.     Respondent was notified of these complaints in May 2021. On May 13, 2021, the bar issued correspondence to respondent, informing her that the bar complaints filed by Thielen and Neverson's mother were closed in order to avoid duplicative efforts. The letters state that the bar was aware of the allegations and "we are investigating this matter."

11.     In June of 2021, respondent acknowledged receipt of complainant's bar complaint and provided the bar with a response.

12.     In the course of the civil matter, Neverson obtained new counsel. On or about February 15, 2022, Neverson's new defense counsel, Jeffrey Neiman, filed Defendant's Motion for Sanctions of Dismissal for

3

Witness Tampering in the underlying civil matter. The motion was supported by Thielen's April 24, 2021 sworn declaration.

13.    That morning, the judicial assistant emailed respondent to set a hearing for the sanctions motion.

14.    Respondent's email in response, sent February 15, 2022, stated "this [m]otion is without merit and has already been reported and investigated by the Florida bar where no action was taken."

15.    Neverson's motion caught the attention of multiple news and media outlets. Throughout the day, respondent was contacted by various media outlets by phone, email, and text, asking for her comment on the conduct alleged in the motion for sanctions.

16.    Respondent did agree to speak with members of the press on this issue. Respondent spoke to a reporter at TMZ on February 15, 2022 and stated:

> "[t]hese allegations were filed back in May 2021 with the Florida bar and NO ACTION was undertaken by the bar due to inconsistent testimony and no evidence…I will be further exonerated as I was when this allegation was previously made by Defendant Songz's prior attorney." (emphasis in the original).

17.    Respondent also spoke to a representative from Billboard on February 15, 2022.  Without quoting respondent, Billboard reported that "[s]he said the same claims of witness tampering had been raised by

4

Songz' legal team last year and that she'd already been cleared by the Florida bar." In the same article, respondent was quoted saying "if [The Florida Bar] believed that I committed such an egregious action like bribing a witness, I would not be practicing law right now."

18.    On February 22, 2022, the bar issued correspondence to respondent that confirmed the investigation in file no. 2021-70,465 remained pending and was being forwarded to the grievance committee "11D."

19.    Thereafter, respondent did not retract her statements made to the judicial assistant regarding the status of the bar investigation.

20.    Likewise, respondent did not retract her statements made to the various media outlets regarding the status of the bar investigation.

21.    In addition to misrepresenting the status of the bar investigation and bar complaint to media outlets, respondent made false statements regarding Thielen's alcohol consumption during their dinner meeting in order to discredit her.

22.    In her initial response to the bar, respondent denied Thielen's version of events and denied offering any compensation for Thielen's testimony. Respondent attacked Thielen's credibility, falsely claiming "Mariah drank heavily at our meeting… I do not drink and did not drink… I

5

know Mariah had between 2-3 hard liquor tequila cocktails during our less than one hour meeting."

23.    In response to Neverson's motion for sanctions of dismissal, respondent filed a motion to strike and incorporated her initial response to the bar as exhibit "A." By incorporating her bar response, she raised her allegation of Thielen's intoxication and lack of credibility before the court.

24.    The hearing on the motion for sanctions of dismissal took place on June 21, 2022, but remained unresolved for over two years as two new judges successively took over the proceedings, and subsequent evidentiary hearings were scheduled.

25.    At a second hearing on the motion for sanctions of dismissal, respondent was confronted with a receipt from the meal with Thielen. The receipt established that two different alcoholic drinks were ordered, one for Thielen and one for respondent. This receipt conclusively demonstrated that respondent made an affirmative misrepresentation in her attempt to impeach witness Thielen regarding her purported intoxication and alcohol consumption at the meeting.

26.    Following receipt of all the evidence and review of the prior transcripts of hearings, the trial court ultimately noted the classic she said-she said nature of the evidence and determined it was not necessary to

EXHIBIT B - PAGE 11

resolve the conflicts between the two sides.  The court denied the motions

for sanctions as saying the evidence did not rise to the level required to

dismiss the action.

27.    The court order specifically noted it did "not speak on behalf of

the Florida [b]ar," leaving it to the Florida Supreme Court to determine any

ethical violations.

28.    Respondent's conduct as described above violated the

following Rules Regulating The Florida Bar:  Rules 4-4.1 (Transactions with

Persons Other than Clients; Truthfulness in Statements to Others) and 4-

8.4(c) (Dishonesty, Fraud, Deceit or Misrepresentation).

The Florida Bar respectfully requests that this Court appropriately

discipline respondent under the Rules Regulating The Florida Bar.

Amanda Harris, Bar Counsel
The Florida Bar
Miami Branch Office
Ste. M100
Rivergate Plaza
444 Brickell Ave.
Miami, FL 33131
(305) 377-4445
Florida Bar No. 69025
aharris@floridabar.org

7



Patricia Ann Toro Savitz, Staff Counsel
The Florida Bar
651 E. Jefferson Street
Tallahassee, Florida 32399-2300
(850) 561-5839
Florida Bar No. 559547
psavitz@floridabar.org

## **CERTIFICATE OF SERVICE**

I certify that this document has been filed via the Florida Courts E-Filing Portal with The Honorable John A. Tomasino, Clerk of the Supreme Court of Florida with a copy provided via the portal to David Bill Rothman, Counsel for Respondent, at dbr@rothmanlawyers.com; and that a copy has been provided by United States Mail via certified mail No. 9589 0710 5270 0677 1184 49, return receipt requested to David Bill Rothman, whose record bar address is 200 South Biscayne Boulevard, Suite 2770, Miami, Florida  33131-5300; and via email to Amanda Harris, Bar Counsel, aharris@floridabar.org, on this 24th day of July, 2025.

Patricia Ann Toro Savitz
Staff Counsel

8

## <u>NOTICE OF TRIAL COUNSEL AND DESIGNATION OF PRIMARY EMAIL ADDRESS</u>

The trial counsel in this matter is Amanda Harris, Bar Counsel, whose address, telephone number and primary email address are The Florida Bar, Miami Branch Office, Ste. M100, Rivergate Plaza, 444 Brickell Ave., Miami FL 33131, (305) 377-4445 and aharris@floridabar.org. Respondent need not address pleadings, correspondence, etc. in this matter to anyone other than trial counsel and to Staff Counsel, The Florida Bar, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, psavitz@floridabar.org.

## <u>NOTICE OF MANDATORY ELECTRONIC FILING</u>

All parties must file all pleadings, motions, and notices in this matter electronically, with a copy to the referee, through the Florida Courts E-Filing Portal, www.myflcourtaccess.com, under Rule Regulating The Florida Bar 3-7.6(h)(5)(A) and (B).

## <u>MANDATORY ANSWER NOTICE</u>

RULE REGULATING THE FLORIDA BAR 3-7.6(h)(2) PROVIDES THAT A RESPONDENT MUST ANSWER A COMPLAINT.

## PROOF OF SERVICE

**Ashley Parham v. Sean Combs, et al.**
**USDC, Northern District Case No. 3:24-cv-07191-RFL**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1840 Century Park East, 17th Floor, Los Angeles, CA 90067.

On October 6, 2025, I served true copies of the following document(s) described as **DECLARATION OF ANDREW V. JABLON IN SUPPORT OF ODELL BECKHAM JR.'S EX PARTE APPLICATION TO RECONSIDER PORTION OF ORDER GRANTING MOTION TO WITHDRAW AND STAYING DEADLINES** on the interested parties in this action as follows:

| | |
|---|---|
| Shawn Perez | Ariel Mitchell (Pro hac vice) |
| Law Offices of Shawn R. Perez | The Law Office of Ariel Mitchell, P.A. |
| 7121 West Craig Rd., #113-38 | 500 NW 2nd Ave., #12864 |
| Las Vegas, NV 89129 | Miami, FL 33101 |
| Tel: (949) 492-9545 | Tel: (305) 903-5835 |
| shawn@shawnperezlaw.com | ariel@arielesq.com |
| | |
| Attorneys for Plaintiff | Attorneys for Plaintiffs |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 6, 2025, at Los Angeles, California.

/s/ Nazia Rahman
Nazia Rahman

Case No. 3:24-cv-07191-RFL

1163894.1