| | |
|---|---|
| 1 | Shawn R. Perez, Esq. |
| 2 | Nevada Bar No. 10421 |
| | **Law Offices of Shawn R. Perez** |
| 3 | 7121 W. Craig Road, #113-38 |
| | Las Vegas, Nevada 89129 |
| 4 | (949) 492-9545 Telephone |
| 5 | (702) 485-3977 Telephone |
| | shawn711@msn.com |
| 6 | |
| | Ariel Mitchell, Esq. *(pro hac vice)* |
| 7 | **The Law Office of Ariel Mitchell, P.A.** |
| | 500 NW 2nd Ave. #12864 |
| 8 | Miami, FL 33101 |
| | Tel: (305) 903-5835 |
| 9 | ariel@arielesq.com |
| 10 | *Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ASHLEY PARHAM, et. al

    Plaintiffs,

v.

SEAN COMBS, et. al.

    Defendants.

Case No.: 3:24-cv-07191-RFL

**MOTION TO WITHDRAW AS COUNSELS FOR PLAINTIFFS AND EXTENSION OF TIME**

PLEASE TAKE NOTICE that, on Tuesday October 28, 2025, at 10:00 AM., or as soon thereafter as the matter may be heard before the Honorable Rita Lin, United States District Judge, Courtroom 15, 18th Floor, of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Shawn Perez and Ariel Mitchell, shall and hereby do respectfully seek leave of this Court, pursuant to Local R. 11-5(a) and in compliance with Cal. R. Prof. Conduct 3-700, to withdraw as counsel for Plaintiffs.

Movants base this motion on this Notice of Motion, Motion, the accompanying Memorandum of Points and Authorities and Declarations of Shawn Perez and Ariel Mitchell, the pleadings and papers on file in this matter, and on such other oral and documentary evidence as may be presented at the time of the hearing.

# MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

Pursuant to Local R. 11-5(A) And Cal. R. Prof. Conduct 3-700, Shawn Perez and Ariel Mitchell ("Movants") hereby notify the parties and the Court of their intent to withdraw as counsel for Plaintiffs Ashley Parham, Jane Doe and John Doe ("Plaintiffs"). Movants state the following grounds for this notice and motion:

1. Movants have represented Plaintiffs since the filing of the initial complaint in this case.

2. This request to withdraw as counsel is made pursuant to Cal. R. Prof. Conduct 3-700(C)(1)(d) which allows permissive withdrawal where "other conduct renders it unreasonably difficult for the member to carry out the employment effectively." There has been a breakdown of communication between Movants and Plaintiffs which makes Movants' representation of Plaintiffs impossible.

3. This request to withdraw as counsel is also made pursuant Cal. R. Prof. Conduct 3- 700(C)(5) which allows permissive withdrawal where "[t]he client knowingly and freely assents to termination of the employment."

4. Movants have provided written notice of the intent to withdraw as counsel to Plaintiffs pursuant to Local R. 11-5(a).

5. No Defendants have been served in this matter. The only counsel to appear in this case have done so for the limited purposes of Rule 11. Those Defendants have not waived or accepted service. Movants position is that due to the lack of

---

[5] Email from Ashley

appearance there is no need to notify those Defendants' counsels pursuant to Local R. 11-5(a).

6. Movants have notified Plaintiffs of their impending deadlines before this Court and further seeks a stay and extension of time so that Plaintiffs can retain new counsel.

7. Movants' withdrawal will not cause any prejudice or delay in this case.

8. Movants understand that, pursuant to Local R. 11-5(b), if the instant Motion to Withdraw as Counsel is granted, leave to withdraw "may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel."

9. Movants understand that if leave to withdraw is granted it may include the condition that papers may continue to be served on counsel for forwarding purposes. Movants accept such responsibility if leave is granted and will forward any papers to Plaintiffs until Plaintiffs appear pro se or by other counsel.

THEREFORE, Movants Shawn Perez and Ariel Mitchell respectfully request this Court grant them leave to withdraw as counsel in the above-captioned matter and enter an order stating that Movants have so withdrawn and staying these proceedings for sixty (60) days so that Plaintiffs may obtain new counsel.

## MEMORANDUM OF LAW IN SUPPORT OF SHAWN PEREZ AND ARIEL MITCHELL'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS

### INTRODUCTION

Movants Shawn Perez and Ariel Mitchell ("Movants") seek to withdraw as counsel to Plaintiffs. Movants have determined that certain conduct of Plaintiffs has made Movants' representation impossible to carry out effectively. Specifically, there has been a breakdown in communication between Movants and Plaintiffs. Accordingly, Movants notified Plaintiffs of their intent to withdraw. Plaintiff Parham has consented to the withdrawal. Movants have not had any communication with the Doe Plaintiffs for over three weeks. For

the reasons fully described below, Movants respectfully request this Court grant them leave to withdraw as counsel in the above-captioned matter and enter an order stating that Movants have so withdrawn.

## FACTUAL BACKGROUND

Movants filed this case on Plaintiff Parham's behalf on October 15, 2024.[6] Movants then amended this case on behalf of Plaintiff Parham and Plaintiff John and Jane Doe on March 13, 2025.[7] The Declarations of Movants illustrate to a breakdown in communication between Movants and Plaintiffs. Movants notified Plaintiffs in writing of their termination of representation on August 25, 2025, then again by formal letter on September 8, 2025, and their intent to file a Motion to Withdraw. Plaintiff Parham indicated she consented to the termination and would search for new counsel. Despite Defendants Desbordes and Beckham filing motions in the docket they have not accepted or waived service in this matter. Defendants' participation in this matter has been limited to Rule 11 Motions. As such, Movants did not notify them as to the relief sought herein and does not find it necessary given their lack of waiver and/or acknowledgement and their position advanced in their singular uniformed motion. Movants disengagement letter notified Plaintiffs that it ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and are precluded from making any further proffers.[8] Movants sent Plaintiffs a letter notifying Plaintiffs of Movants' intent to file the Motion to Withdraw soon thereafter and the pending dates for responses to the Court's orders.

## MOVANTS' MOTION TO WITHDRAW AS COUNSEL SHOULD BE GRANTED

Cal . R. Prof. Conduct 3-700 governs Termination of Employment for counsel. Cal . R. Prof. Conduct 3-700(A)(2) states that counsel shall not seek to withdraw as counsel "unless the member has taken reasonable steps to avoid reasonably foreseeable prejudice to

---

[6] ECF 1
[7] ECF 19
[8] ECF 55

the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3- 700(D), and complying with applicable laws and rules." As described above, Movants have given Plaintiffs ample time, to locate and retain substitute counsel and notice of their withdrawal.

Cal. R. Prof. Conduct 3-700(C), regarding permissive withdrawal as counsel, permits counsel to withdraw under a number of circumstances, including but not limited to "other conduct [which] renders it unreasonably difficult for the member to carry out employment effectively," and where the "client knowingly and freely assents to termination of the employment." Cal . R. Prof. Conduct 3- 700(C)(1)(d) and (C)(1)(5). Both of these permissive reasons for withdrawal apply in this case.

First, there has been a breakdown of communication between Movants and Plaintiffs which makes Movants' representation of Plaintiffs not only unreasonably difficult but impossible. Perez Dec. ¶ 11-12 and Mitchell Dec. ¶ 11-13 *Moore v. Richmond Police Dep't*, 497 Fed. Appx. 702, 706 (9th Cir. 2012) ("[I]f the client's conduct renders it unreasonably difficult for the lawyer to carry out their employment effectively, they are not required to stay in the case."); *see also Riese v. County of Del Norte*, Case No. 12-cv-03723-WHO, 2013 U.S. Dist. LEXIS 165965, at *1- 3 (N.D. Cal. Nov. 14, 2013) (permitting a lawyer to withdraw as counsel where "a breakdown in communication" between counsel and his client "render[ed] it unreasonably difficult to carry out his duties effectively through trial.") Movants cannot, in accordance with professional conduct and ethical duties, set forth the precise reasons that make employment unreasonably difficult under Cal. R. Prof. Conduct 3-700(C).

Second, Plaintiff Parham does not contest Movants' withdrawal from the case. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Movants' withdrawal will not cause any prejudice or delay in this case. This case is still in its infancy. The amended complaint was filed in March. The case had a stay until the Court adjudicated the pseudonym motion. There have been no summons issued and no service, despite active litigation on the docket from Defendants in

a limited capacity. There are two current deadlines associated with this case however Movants cannot respond to those Orders due to the circumstances. Movants cannot respond to those Orders ███████████████████████████████ in accordance with professional conduct and ethical duties. Movants do request a stay of these proceedings for sixty (60) days to allow for Plaintiffs to retain new counsel or alert the Court of its intent to proceed pro se. Additionally, this Motion to Withdraw must be heard as soon as the Court is available because there are responses to the Court's orders due soon which Movants cannot file a response to under the circumstances. Due to the breakdown in communication referenced above, Movants are not in a position to substantively respond to the Court's orders or Defendant Beckham's motion, and therefore the hearing on this matter must occur expeditiously. No trial has been set in this matter, and there is ample time to proceed following this Motion to Withdraw. Accordingly, the motion should be heard as soon as possible, and any pending deadlines should not defeat Movants' motion.

## CONCLUSION

For the foregoing reasons, Movants Shawn Perez and Ariel Mitchell respectfully request this Court grant them leave to withdraw as counsel in the above-captioned matter and enter an order stating that Movants have so withdrawn.

## CERTIFICATE OF SERVICE

I hereby certify that this document has been or will be filed through the ECF system, and notice will be sent via the ECF system. By filing the within document on the Court's Electronic Case Filing System, I am informed and believe that the documents will be electronically served on all individuals registered with such system. To my knowledge, every individual to whom notice is required is registered with this system and, thus, has been served with due notice by action of this electronic filing.

I declare under penalty of perjury under the laws of the State of California that the above statements are true and correct.

Dated: September 15, 2025                                              Respectfully submitted,

/s/Shawn Perez
/s/Ariel Mitchell
*Attorneys for Plaintiffs*