Shawn R. Perez, Esq.
Nevada Bar No. 10421
**Law Offices of Shawn R. Perez**
7121 W. Craig Road, #113-38
Las Vegas, Nevada 89129
(949) 492-9545 Telephone
(702) 485-3977 Telephone
shawn711@msn.com

Ariel Mitchell, Esq. *(pro hac vice)*
**The Law Office of Ariel Mitchell, P.A.**
1951 NW 7th Ave.
Suite 160 #306
Miami, FL 33136
Tel: (305) 903-5835
ariel@arielesq.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ASHLEY PARHAM, et. al          )
                               )     Case No.: 3:24-cv-07191-RFL
            Plaintiffs,        )
                               )     **PLAINTIFFS' FORMER**
v.                             )     **COUNSELS MOTION FOR**
                               )     **LEAVE TO FILE A MOTION**
                               )     **FOR RECONSIDERATION**
                               )     **AND MEMORANDUM OF**
                               )     **LAW AND POINTS OF**
SEAN COMBS, et. al.            )     **AUTHORITY**
            Defendants.        )

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: Please take notice that

Plaintiffs' former counsels, Shawn Perez and Ariel Mitchell ("Plf. Ex Counsel") hereby

move for leave to file a Motion for Reconsideration of the Court's August 19, 2025 Order

(the "Order")[1] on the grounds of newly discovered evidence, fraud, misrepresentation and

misconduct by Defendant Desbordes and his attorney.

Plf. Ex Counsel brings this motion for leave pursuant to Fed. R. Civ. Proc.60(b) and

Northern District Civil Local Rule("Local Rule") 7-9(b) on the grounds that it is clear and

---

[1] ECF 54

1  apparent Defendant and his counsel engaged in fraud, deceit, misrepresentation and
2  misconduct in the filing of Defendant Desbordes Motion for Sanctions and at the hearing
3  on the Motion on July 7, 2025.[2]

4       The Order issued after the hearing on July 7, 2025,[3] did not consider material facts
5  that were unknown to Plf. Ex Counsel but known to Defendant and his counsel. Material
6  facts were intentionally withheld and concealed from Plf. Ex Counsel by Defendant
7  Desbordes and his counsel regarding Defendant's real phone number, phone plan and
8  phone records.

9       Defendant advanced in his filings, which his counsel filed and signed then argued
10 fervently at the hearing, that at the time of the alleged incident, Defendant was under a
11 phone plan belonging to his **mother** and that he later ported that number to an account in
12 his name. Defendant provided a sworn declaration, under penalty of perjury, to this
   material fact along with Verizon phone records to support his position.

13      On September 29, 2025, Defendant made a video proving all his proffers to the
14 Court about his cell phone were FALSE. Plf. Ex Counsel was prevented from providing
15 dispositive legal arguments at the hearing or prior to the Court's opinion as the evidence
16 did not exist at the time.

17      Pursuant to Local Rule 7-9(c) the Motion for Reconsideration does not repeat any
18 oral or written argument made by Plf. Ex Counsel or in the Order which they now seek to
19 have reconsidered. Plf. Ex Counsel did argue at the hearing the evidence Defendant
20 provided did "not conclusively establish that Desbordes was in Georgia at the time of the
21 alleged rape because the phone number associated with these phone records was registered
22 in the name of Cheryl Desbordes."  Had Defendant told the truth or Plf. Ex Counsel had
23 access to the newly discovered evidence, it's proffer to the Court at the hearing would have
   been undisputed.

24      The material facts published on September 29, 2025, out of the mouth of Defendant
25 Desbordes confirmed by his grandmother, are an admission by both Defendant and his
26 grandmother that the phone records Defendant provided this Court are a sham, are not his

27

28 ――――――――――――――――
   [2] ECF 38
   [3] ECF 52

and that Defendant's real phone, phone number and phone records have always existed under an account in his grandmother's name. The Court was misled into mistakenly relying on Defendant's false and misleading representations made in his filings and at the hearing when the Court opined in its Order the "phone records reflect a pattern of activity that is consistent with his bank records, and that it **would be unusual for someone to port over a phone number that was previously not their own**, these records indicate that Desbordes was almost certainly in Georgia at the time of the alleged incident."

Had the Court not been presented or relied on the false representations and deceitful conduct of Defendant and Defendant's counsel it could not and would not have reached such opinion in its Order. There could have been no way for Plf. Ex Counsel to know that Defendant was being dishonest, other than a gut feeling, or that Defendant would, a month after the Order, voluntarily ADMIT that the records he provided the Court were misleading and false and that Defendant is and always has been under a phone plan belonging to his grandmother (NOT mother) since before his rise to fame.[4]

Pursuant to Local Rule 7-9(d), unless by further order of the Court, a response to this filing is not necessary and no hearing will take place.

This motion is based on this Notice of Motion, the accompanying Memorandum of Law and Points and Authorities, arguments of counsel, and the papers, records and pleadings on file in this matter.

**ISSUES TO BE DECIDED (CIVIL L.R. 7-9)**

The issue raised by this Motion is whether the Court should grant Defendants leave to file a motion for reconsideration in accordance with Federal Rule of Civil Procedure Rule 60(b) and Civil L.R. 7-9.

**MEMORANDUM OF POINTS OF AUTHORITIES**

**I. INTRODUCTION**

Plf. Ex Counsel move for leave to file a Motion for Reconsideration of the Court's August 19, 2025 Order Denying Defendant Desbordes Sanction motion and requiring

---

[4] Exhibit "A" (Tweets with video and captions of Mafiathon admission) September 29, 2025, after approximately 11pm EST. https://x.com/coop3big/status/1973139408179036300?s=42
(Plf. Ex Counsel has retained a screen recording to this video in the event the link to this video is later deleted).

Plaintiffs and Plaintiff's former counsel to show cause. Plf. Ex Counsel do not seek this relief lightly, nor ask this Court simply to revisit its determination. Rather, reconsideration is warranted because the Court's Order is predicated on allegations, representations and evidence that were patently false, deceitful and intentionally misrepresented to mislead the Court. If not but for the intentional deceitful conduct of Defendant and his counsel in their filing and representations to this Court, Plf. Ex Counsel would still be attorneys of record on this matter and this Court would have Denied Defendant Desbordes motion outright leaving room for Plaintiffs to pursue discovery against Defendant Desbordes. Defendant Desbordes and his counsel intentionally withheld evidence and presented false and misleading evidence to the Court which prevented Plf. Ex Counsel from being prepared to argue fully at the July 7, 2025 hearing on Defendant's Motion for Sanctions. Defendant Desbordes and his counsel had no reasonable or good-faith basis in filing his Motion for Sanctions, and knew that the evidence, Declaration and motion it filed was based on false and intentionally misleading evidence.

Plf. Ex Counsel pointed to this possibility during the hearing in July, as cited in the Court's Order but lacked any evidence to support that position outside of attacking the facial deficiencies of the evidence and a gut feeling. Plf. Ex Counsel now has the evidence, from the Defendant AND his grandmother's own mouth that the phone records he proffered are not his phone records because his actual phone is and has been under a plan with his grandmother since before he became famous. Defendant and his grandmother confessed that Defendant still remains on his grandmother's plan to this day and his grandmother pays Defendant's phone bill. This is NOT what Defendant and his counsel proffered to the Court. Defendant proffered that he was under his **mother's** plan, NOT grandmother, and that he had ported the number he was using under his mother's plan to a plan bearing his own name, evidenced by the Court's Order. Defendant knew his statements and filings were false and intended to mislead the Court into believing the phone bill bearing his mother's name was his phone then and now. Defendant never

disclosed to the Court the phone line in his grandmother's name that both Defendant and his grandmother confessed to existing during the relevant period on September 29, 2025. [5]

At the hearing, Plaintiffs' counsel argued that this evidence does not conclusively establish that Desbordes was in Georgia at the time of the alleged rape because the phone number associated with these phone records was registered in the name of Cheryl Desbordes, Desbordes' mother. However, Desbordes submitted current phone records showing that he still uses the phone number associated with the records from March 2018. Given that Desbordes' phone records reflect a pattern of activity that is consistent with his bank records, and that it would be unusual for someone to port over a phone number that was previously not their own, these records indicate that Desbordes was almost certainly in Georgia at the time of the alleged incident.

In the Court's diligence to independently review the allegations of Defendant's sanction motion, the Court was misled into concluding that there were no reasonable factual basis that the claims against Defendant were viable and that the evidence provided by Defendant and the arguments made by his counsel at the hearing made it highly improbable that Defendant was present at the assault of Plaintiff Parham.

motion. However, even after receiving the new evidence about Desbordes, Plaintiffs' counsel continued to allege at the hearing on July 10, 2025, that the claims against Desbordes are viable and stated that Plaintiffs intend to pursue them. Those continued allegations appear to have no reasonable factual basis. Accordingly, the Court ORDERS Plaintiffs' counsel TO SHOW CAUSE why sanctions should not be issued for the statements made at the July 10, 2025 hearing.

drive away from Johns Creek. Additionally, between March 19, 2018, and March 30, 2018, every call Desbordes made originated from somewhere within the state of Georgia, either from Atlanta or a city within an hour drive of Atlanta.[2] All of that makes it highly improbable that Desbordes was in California on the date of the alleged gang rape, March 23, 2018.

The Court anchored its Order based on the false and misleading filings provided by Defendant Desbordes. These intentional false and deceitful misrepresentations fundamentally impacted the Court's decision to allow this case to proceed against

---

[5] https://x.com/coop3big/status/1973139408179036300?s=42

Defendant and interfered with the representation between Plf. Ex Counsel and Plaintiffs triggering Plf. Ex Counsel's Motion for Withdraw.

If not for the fraud, deceit and willful misconduct of Defendant Desbordes and his counsel, Defendant's motion would have been outright denied, Plf. Ex Counsel would not have needed to show cause and Plf. Ex Counsel would still be attorneys of record for Plaintiffs.

## II.    LEGAL STANDARD

A district court "has the inherent power to reconsider and modify" interlocutory orders prior to the entry of judgment. *United States v. Byrne*, 203 F.3d 671, 674 (9th Cir. 2000) (quoting *United States v. Washington*, 48 F.3d 73, 79 (2nd Cir. 1995)) (internal quotation marks omitted). Federal Rule of Civil Procedure 54(b) provides that any order or other decision that does not adjudicate all claims in the action may be revised at any time before the entry of a judgment adjudicating all the claims. Fed. R. Civ. P. 54(b).

Meanwhile, Federal Rule of Civil Procedure 60(b) provides that a party may bring a motion for relief from an order due to mistake, surprise, excusable neglect, fraud, misrepresentation or any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Ninth Circuit has admonished that, "as a general matter, Rule 60(b) is remedial in nature and . . . must be liberally applied." *TCI Grp. Life Ins. Plan. v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). The authority to provide relief under Rule 60(b) has been exercised in a wide variety of cases, Wright & Miller §2858, *See, e.g., Thomas v. Hubbard*, 2014 WL 2528258, at *2 (N.D. Cal. June 4, 2014). While Rule 60(b)(1) is often invoked by parties seeking relief based on their own excusable neglect, this subsection also permits a court to correct its own inadvertence. *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 2017 WL 2438645, at *3 (N.D. Cal. June 6, 2017). For its part, Rule 60(b)(3) is not limited to fraud by an opposing party but rather applies to innocent misrepresentation as well. *See* Fed. R. Civ. Proc. 60(b)(3). With regard to Rule 60(b)(6), which allows relief for "any other reason

that justifies relief," prompt motions for relief are "granted if the court thinks that justice requires it and denied if the court feels otherwise." Wright & Miller, § 2864.

Civil Local Rule 7-9(a) provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, **any party** may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b)." N.D. Cal. L.R. Civil 7- 9(a). The moving party must specifically show reasonable diligence in bringing the motion, and one of three specified grounds for the motion. N.D. Cal. L.R. Civil 7-9(b).

Here, in accordance with Civil Local Rule 7-9(b), Plf. Ex Counsel have shown reasonable diligence by bringing this motion within 90 days of the Court's Order. There exists a material difference in fact from that which was presented to the Court before entry of the Order for which reconsideration is sought.

Plf. Ex Counsel can show that in the exercise of reasonable diligence they could not and did not know such facts at the time of the Order. The emergence of new material facts came after the time of the Order. Finally, it would be a manifest failure of the Court not to consider these newly discovered material facts and dispositive legal arguments which were not presented to the Court before the Order was entered. Plf. Ex Counsel could not know and did not have access to such material facts and evidence until September 30, 2025.

The motion is appropriate under Local Rule 7-9 because due to fraud, deceit and intentional misrepresentations by Defendant Desbordes and his counsel in his filings, the Court did not and could not consider material and dispositive facts and/or legal arguments relating to Defendant's Motion for Sanctions prior to the Order.

## III.    ARGUMENT

Defendant purported the phone records proffered were linked to a phone number associated with Defendant since 2018 but registered to his mother at the time of the alleged incident. Defendant Desbordes filed a Declaration where he stated the number he provided was HIS phone number, that he used that number in 2018 but it was under his **mother's** name at the time and that he still retains that same number on a phone bill bearing his

name.[6] Defendant attached an exhibit of a Verizon bill with a redacted phone number bearing the name of Defendant's **mother** from during the period alleged in the complaint.[7]

> 15. I have attached as **Exhibit 10** to my declaration a true and correct copy of my telephone call activity records provided by Verizon. The phone bill is under my mother's name, but the number listed is the number I used in 2018. These records show that from March 19, 2018 to March 30, 2018, all calls made by me originated in Georgia.

To further emphasized this point Defendant's Declaration stated that he still retained the same phone number and ported that number to a phone plan in his name. Defendant provided another exhibit, a current Verizon bill to support his assertion.[8]

> 16. I have attached as **Exhibit 11** to my declaration a true and correct copy of a current telephone bill (covering February 27, 2025 to March 26, 2025) provided by Verizon. The bill shows that I still have the same telephone number that I was using in 2018.

The Court relied on Defendant's Declaration, filings, proffers and arguments of Defendant's counsel at the hearing clearly illustrated by the Court's Order.

> At the hearing, Plaintiffs' counsel argued that this evidence does not conclusively establish that Desbordes was in Georgia at the time of the alleged rape because the phone number associated with these phone records was registered in the name of Cheryl Desbordes, Desbordes' mother. However, Desbordes submitted current phone records showing that he still uses the phone number associated with the records from March 2018. Given that Desbordes' phone records reflect a pattern of activity that is consistent with his bank records, and that it would be unusual for someone to port over a phone number that was previously not their own, these records indicate that Desbordes was almost certainly in Georgia at the time of the alleged incident.

On September 30, 2025, Plf. Ex Counsel was scrolling social media platform Twitter/X and came across a video of Defendant Desbordes ADMITTING that he does not have his own phone plan or pay his own phone bill but instead that Defendant is, was and always has been, on his **grandmother's** cell phone plan.[9] Defendant Desbordes not only

---

[6] ECF 38-2 Desbordes Declaration ¶15, Page 4
[7] ECF 38-12
[8] ECF 38-13
9 https://x.com/coop3big/status/1973139408179036300?s=42

made this admission voluntarily he then called his grandmother to confirm that he does not pay his own cell phone bill, does not have a cell phone plan in his name and that his cell phone and cell phone plan have always been under his **grandmother's** cell phone plan since before Defendant rose to fame and his grandmother continues to pay the cell phone bill for him despite Defendant being financially well off.[10]

This admission completely contradicts the statements made by Defendant Desbordes in his filings and the arguments made by his counsel at the hearing. Defendant, under the penalty of perjury, advanced to this Court that he was under his **MOTHER'S** cell phone plan until he ported the number to an account bearing his own name. Defendant never made any mention of a cell phone under his grandmother's plan or that he had been on a plan under his grandmother since before he was famous to present, that he had another cell phone or that he was under another's cell phone plan who was not his mother during the relevant period.

Instead, Defendant and his counsel knowingly provided false information to this Court to mislead them into believing this was Defendant's phone during the relevant period to now, was his only phone during all relevant times and was initially under an account under his mother's name until Defendant ported it into his own account. It is important to note Defendant Desbordes mother has never filed any declaration in this matter but the grandmother has admitted to Defendant being on her phone plan, the grandmother pays the bill on the cell phone plan and that it has been that way since before Defendant was famous and continues to this day.

> 10   I declare under penalty of perjury under the laws of the United States of
> 11   America that the foregoing is true and correct.
> 12   Executed on April 17, 2025, at Los Angeles CA .
> 13
> 14                                          Drew Desbordes

Defendant Desbordes withheld the material key fact that he is and always was on his grandmother's phone plan from the relevant period continuing till this day and that his

---

10 Exhibit "A" https://x.com/coop3big/status/1973139408179036300?s=42

grandmother pays the bill which was confirmed by the grandmother.[11] Defendant never produce any records or testimony about a cell phone number and plan under his grandmother's cell phone service plan. Defendant Desbordes statements and his grandmother's confirmation of those statements in the video are clear and undisputable.

The Court opined that it "would be unusual for someone to port over a phone number not that was previously not their own" based on the false statements in Defendant Desbordes' filings and arguments made by his counsel at the hearing.

Plf. Ex Counsel advances to the Court it is not unusual to port over a number not previously ones own considering the fact it is commonplace for a child to take over bills of their parents once they become successful added with the fact that Defendant can afford to pay his mother's cell phone bill; and, put the account in his name because his cell phone is under his grandmother's service plan where he doesn't pay the bill because his grandmother does. Defendant's own admission and the concurring admission of his grandmother conclusively prove that Declaration, filings and exhibits proffered to this Court were false and that Defendant's real phone number, and phone bill have yet to be presented to this Court as HIS phone and phone plan remain under his grandmother's name NOT his mother's or himself.

The Court's ultimate conclusion that Defendant Desbordes was "almost certainly in Georgia at the time of the alleged incident" is predicated on Defendant's fraud, deceit and intentional misrepresentation in his filings and arguments made by Defendant's counsel at the hearing. Without those false, deceitful and misleading filings and arguments Defendant's motion could not stand.

Defendant Desbordes intentionally concealed his real phone, phone number, phone bill, phone plan and phone activity from this Court and instead successfully deceived this Court into believing the phone records advanced accurately reflected his phone and phone activity from the relevant period to now. Without Defendant and his grandmother's own willful and unprovoked admission, made during a live stream before millions of viewers,

---

[11] https://www.youtube.com/watch?v=09UJidh8hrY (FULL Video of Mafiathon Stream)

Plf. Ex Counsel would be without any evidence to file this motion and refute the claims advanced by Defendant Desbordes and his counsel in their motion for sanctions.

### IV.    CONCLUSION

For the forgoing reasons, this Court should grant Plf. Ex Counsel motion for leave to file a Motion for Reconsideration of the Court's August 19, 2025 Order.

Dated: October 13, 2025                                    Respectfully submitted,

                                                              /s/Shawn Perez

                                                              /s/Ariel Mitchell

                                                              *Former Attorneys for Plaintiffs*