1 | LOEB & LOEB LLP
2 | DAVID GROSSMAN (SBN 211326)
   | dgrossman@loeb.com
   | TYLER DOWNING (SBN 339537)
3 | tdowning@loeb.com
   | 10100 Santa Monica Blvd.
4 | Suite 2200
   | Los Angeles, CA  90067
5 | Telephone:  +1 310-282-2000
   | Facsimile:   +1 310-282-2200
6 |
   | Attorneys for Defendant
7 | DREW DESBORDES

8
9 | IN THE UNITED STATES DISTRICT COURT

   | FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11
12 | ASHLEY PARHAM, *et al.,*            Case No. 3:24-cv-07191-RFL

                 Plaintiffs,           **DREW DESBORDES'**
13                                      **RESPONSE TO PLAINTIFFS'**
                                        **FORMER COUNSEL'S MOTION**
14 | v.                                 **FOR LEAVE TO FILE A**
                                        **MOTION FOR**
15 | SHAWN COMBS, *et al.,*             **RECONSIDERATION**

16 |               Defendants.

17
18
19
20
21
22
23
24
25
26
27
28

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

1   **RESPONSE FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

2       This case is, and always has been, a fraud on this Court.  Ariel Mitchell has

3   repeatedly lied to this tribunal, and others.  She is currently the subject of a pending

4   Florida Bar disciplinary action.  *See* October 6 Jablon Decl., Ex. B, Dkt. 68-1

5   (attaching disciplinary complaint for violations of Florida Bar Rules 4-4.1

6   (Transactions with Persons Other than Clients; Truthfulness in Statements to Others)

7   and 4-8.4(c) (Dishonesty, Fraud, Deceit or Misrepresentation)).  Her alleged

8   misconduct in that action involved telling a witness that she would pay them for their

9   testimony if they corroborated sexual assault allegations against a celebrity.  *See id.*

10  at ¶ 8.  The Florida Bar noted that Ms. Mitchell then misrepresented the status of the

11  Bar's investigation to both the media and the court.  *Id.* at ¶¶14, 16-17, 21.  The

12  Florida Bar further alleges that Ms. Mitchell's response to a sanctions motion

13  regarding the alleged witness tampering improperly attacked the witnesses'

14  credibility by falsely claiming that the witness was intoxicated.  *Id.* ¶ 25.

15      Now, Ariel Mitchel and Shawn Perez seek leave to ask the Court

16  reconsideration of the Court's grant of their own request to withdraw from the case.

17  <u>There are no grounds for Ms. Mitchell and Mr. Perez's filing anything in this case</u>

18  <u>nor any basis for reconsideration of the Court's prior Order.</u>

19      This case involves demonstrably false allegations of a horrific nature, levied

20  by Ariel Mitchell, and her co-counsel Shawn Perez, against well-known celebrities

21  that have absolutely no relationship to the Plaintiff.

22      Ariel Mitchell and Shawn Perez **knew of the false nature of these allegations**

23  **at the inception of this case**.  In fact, Plaintiff Ashley Parham's sworn testimony

24  regarding the alleged incident at issue has been available in the public record **for**

25  **years**.  *See* Dkt. 38-1, Grossman Decl. ¶ 2 Ex. 12.  Ms. Parham met a man named

26  Shane Pearce, started a romantic relationship with him, then claimed that he and an

27  unidentified "twin" assaulted her in 2018 after she went to Mr. Pearce's Orinda,

28

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

2079475.1
244755-10003

- 2 -

Case No. 3:24-CV-07191

DESBORDES' RESPONSE TO PLAINTIFFS' FORMER COUNSEL'S MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION

California home one night at approximately 3 a.m. *Id.* at 12. Several months later, Mr. Pearce filed a request for a restraining order against Ms. Parham, and Ms. Parham responded by attaching dozens of messages, emails, and a police report in which she described her relationship with Mr. Pearce, and claimed that his unidentified "twin" had assaulted her. *Id.* at 15-43.

In 2025, seven years later, and ignoring this clear and pre-existing evidence, Ariel Mitchell and Shawn Perez filed a salacious, and obviously false, lawsuit against more than half a dozen defendants. In their lawsuit, these attorneys did not disclose to the Court that Ms. Parham had previously made statements, **under oath**, that contradict the fantastical allegations levied against the current defendants. *See id.* at 7-14. Instead, Ms. Mitchell and Mr. Perez claimed that a host of attackers, including the famous football player, Odell Beckham, Jr., the well-known comedian and influencer Drew ("Druski") Desbordes, Shawn Combs, and one of his associates, a woman named Jaguar Wright, all traveled to Orinda, California and assaulted Ms. Parham. *See generally* Dkt. 18 ("FAC").

The FAC contains bizarre and inherently-incredible allegations regarding chaos, stabbing and gunfire in the sleepy town of Orinda. In the FAC, Ariel Mitchell and Shawn Perez alleged that a police report was filed, but that they were unable to locate it. FAC ¶ 158. This was false. The police report from the night in question was always readily available, as were Ashley Parham's prior statements under oath about her relationship with Shane Pearce and the night in question.

Following their filing of these false claims, Ariel Mitchell and Shawn Perez received multiple Rule 11 letters, from multiple defendants, telling them that there was no basis for their claims, and that each responding defendant would be seeking their fees if they needed to apply to the Court to dismiss this frivolous lawsuit. Ariel Mitchell failed to address **any** of these letters and communications, instead

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

2079475.1
244755-10003

- 3 -

Case No. 3:24-CV-07191

DESBORDES' RESPONSE TO PLAINTIFFS' FORMER COUNSEL'S MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION

responding unprofessionally and dismissively by stating "Namaste" to each of the defendants' attorneys' Rule 11 letters. *See, e.g.*, Dkt. 16, Ex. B.

This lawsuit was obviously fraudulent, and was filed as a vehicle to garner additional press exposure for Ariel Mitchell.[1] She sought interviews with the press, just as she had spoken to TMZ in connection with the Florida matter that is the subject of her pending disciplinary proceeding. *See* Dkt. 68-1 Ex. B ¶ 16.

In addition to the fact that this lawsuit was contradicted by the Plaintiff's own sworn testimony from seven years ago – **several defendants have now submitted sworn testimony – and admissible evidence – demonstrating that they were nowhere near Orinda on the night in question**.

Defendant Jaguar Wright submitted a declaration to the Court explaining that she was in jail – in Illinois – at the time of the false events described in the FAC. *See* Dkt. 62. Further, Odell Beckham filed a motion for sanctions explaining that he was in Los Angeles at all relevant times, and he supplied sworn testimony and exhibits demonstrating his lack of connection to the fabricated events discussed in this action. *See* Dkt. 56-57. Defendant Drew Desbordes (pka "Druski") also filed a Rule 11 Motion. *See* Dkt. 38. Druski was only 23-years old and was not a celebrity at the time of the events in question – a fact that Ariel Mitchell and Shawn Perez failed to grasp when they filed this action. *See* Dkt. 38, Desbordes Decl. ¶ 4. Mr. Desbordes, like all of the defendants not named Shane Pearce, never met Ashley Parham, and was nowhere near Orinda on the date of the alleged assault by Mr. Pearce and his "twin." *Id.* at ¶¶ 2-3. Mr. Desbordes, instead, was living with his mother in Georgia. *Id.* ¶ 4. He submitted his **employment records** showing the restaurants he was employed by during the month in question, he submitted his **bank records**, showing

---

[1] This is undeniable considering that Ariel Mitchell and Shawn Perez **never made any attempt to serve any of the named defendants**. This case has been pending for a year, and in spite of the Court issuing multiple orders demanding that Mitchell and Perez serve the defendants, *see* Dkts. 15, 17, 55, not a single proof of service has ever been filed.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

2079475.1
244755-10003

- 4 -

Case No. 3:24-CV-07191

DESBORDES' RESPONSE TO PLAINTIFFS' FORMER COUNSEL'S MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION

the transactions – in Georgia – that he made during that month, he submitted **photos showing his activities** during that time period, and he also submitted his **phone records**, showing his calls made – and the location they were made in, at the time. *See* Dkts. 38-3 to 38-13.

This was an entirely unnecessary amount of evidence – because the FAC's allegations were false from the beginning, as demonstrated by Ms. Parham's prior sworn testimony. Nevertheless, Mr. Desbordes, like Mr. Beckham, was required to retain counsel, was required to draft and send a Rule 11 letter to Ariel Mitchell and Shawn Perez, and after they refused to withdraw their blatantly-false claims against him, he was forced to file his Rule 11 Motion.

At the hearing on Mr. Desbordes' Rule 11 Motion, Ariel Mitchell defiantly refused to drop the claims against Mr. Desbordes, even though the Court explained that those allegations were not objectively reasonable as it was "virtually certain" that Mr. Desbordes was in Georgia at the time of the alleged assault. After Ariel Mitchell's refusal to dismiss Mr. Desbordes, the Court issued an Order requiring Mitchell to either drop Mr. Desbordes from the case, or "SHOW CAUSE why sanctions should not be issued for the statements made at the July 10, 2025 hearing." Dkt. 54.

Ariel Mitchell and Shawn Perez were required to comply with the Order to Show Cause by no later than September 9. *Id.* **They failed to do so**. Instead, a week later they attempted to avoid personal liability for their deliberate misconduct by claiming that Ashley Parham and the unnamed "Does" were unhelpful in their attempts to discuss the case and asking to withdraw. Dkt. 63. Ariel Mitchell and Shawn Perez filed their motion to withdraw improperly, under seal, and did not serve counsel for any of the defendants with their request (in spite of the Court ordering them to properly file a public-version of their motion). Dkts. 63-65. The Court granted this motion to withdraw on September 30. Dkt. 67.

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

2079475.1
244755-10003

- 5 -

Case No. 3:24-CV-07191

DESBORDES' RESPONSE TO PLAINTIFFS' FORMER COUNSEL'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

Now, having withdrawn from this action, and lacking standing to submit anything to this Court, Ariel Mitchell and Shawn Perez have filed an improper "motion" to seek leave to ask the Court to reconsider the Court's Order on Ms. Desbordes' Rule 11 Motion for Sanctions. The basis for this supposed request for reconsideration is farcical. Ariel Mitchell and Shawn Perez ignore the overwhelming evidence of their false allegations and the objectively unreasonable claims they deliberately made to garner media attention and claim that a recent comedy video "contradicts" Mr. Desbordes' prior sworn statements that he was living in Georgia in March of 2018, during the events in question. They go on to argue that Mr. Desbordes' counsel was involved in an illicit coverup of Mr. Desbordes "real" phone records.

This is, not surprisingly, another sanctionable act by these two attorneys. There is zero evidence submitted to the Court that would impact, in any way, Mr. Desbordes' prior submissions. The comedy sketch – which is inadmissible hearsay – does not contradict Mr. Desbordes' prior sworn testimony that he was living in Georgia during the events in question. The videos referenced involve Ms. Desbordes, and an extremely well known comedic social media personality, Kai Cenat, talking about moving phone plans. They jokingly call Druski's "nana" and Kai Cenat argues with Druski and his "nana" that they should move to T-Mobile.

The "motion" filed by Mitchell and Perez – apparently representing themselves **because they no longer represent any party in this case** – asserts that this comedy sketch is "new evidence" showing that Mr. Desbordes' prior submission of his 2018 phone records, which were on his mother's Verizon bill, were somehow false. As a threshold matter, the sketch has absolutely no evidentiary impact on the prior sworn statements and evidence submitted to this Court. Mr. Desbordes' prior declaration and the evidence submitted remains accurate, his statements in the comedy sketch were not under oath, and they have no bearing on any prior finding

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

2079475.1
244755-10003

- 6 -

Case No. 3:24-CV-07191

DESBORDES' RESPONSE TO PLAINTIFFS' FORMER COUNSEL'S MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION

1   in this action.  There was no doctoring of evidence.  There was no conspiracy.  Just

2   as there was no assault by Mr. Desbordes.

3        Ms. Mitchell and Mr. Perez fail to give any coherent explanation for why the

4   this "new evidence" has any impact on the Court's prior ruling.  That is because they

5   cannot.  The premise of the motion is that Mr. Desbordes' declaration says "mother"

6   while in a comedy bit he made a joke about his grandmother.  Again, Mr. Desbordes'

7   declaration was accurate.  But even if Mr. Desbordes' had been originally on his

8   grandmother's phone plan rather than his mother's, that would not impact the false

9   allegations in the FAC.  The same legion of evidence, in addition to the phone records

10  would still exist.  And the fact that the records were for **Mr. Desbordes' phone**

11  would not change regardless of the family member on the account.

12       On the other hand, Ariel Mitchell and Shawn Perez **still** have not responded to

13  the Court's Order To Show Cause, and have not explained what basis they have to

14  continue to falsely argue that Mr. Desbordes (or Mr. Beckham or Ms. Wright) is a

15  proper defendant in this lawsuit.  He is not.  None of the allegations against him were

16  reasonable or based on a good faith belief in their veracity.  And this new effort can

17  only be seen as a last ditch attempt to try to avoid sanctions after the Court made

18  clear Mitchell and Perez were not off the hook.  *See* Dkt. 71.  Indeed, had Ms.

19  Mitchell or Mr. Perez sought clarification, Defendant could have readily provided it.

20  Instead they went straight to filing a spurious motion to distract from their own

21  misconduct without any regard for facts or the impact on Mr. Desbordes' reputation.

22       Mr. Desbordes, and the other responding defendants, have incurred tens of

23  thousands of dollars in addressing this objectively frivolous lawsuit.  They have also

24  had to address these horrific, and clearly false, allegations in connection with their

25  professional activities, resulting in loss of work opportunities, and have incurred and

26  continue to incur damages from Ariel Mitchell and Shawn Perez' outrageous and

27  fraudulent legal advocacy.

28

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

2079475.1
244755-10003                           - 7 -                    Case No. 3:24-CV-07191
DESBORDES' RESPONSE TO PLAINTIFFS' FORMER COUNSEL'S MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION

1    Mr. Desbordes requests that the Court deny Ariel Mitchel and Shawn Perez's

2  request for leave to seek reconsideration and take any and all action within its power

3  to address Ariel Mitchell and Shawn Perez's continuing and indefensible misconduct.

4

5  Dated:    October 14, 2025              Respectfully submitted,

6                                          LOEB & LOEB LLP
                                           DAVID GROSSMAN
7                                          TYLER DOWNING

8

9  By: _____
                                           David Grossman
10                                         Attorneys for Defendant
                                           DREW DESBORDES
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb LLP
A Limited Liability Partnership
Including Professional
Corporations

2079475.1
244755-10003

- 8 -

Case No. 3:24-CV-07191

DESBORDES' RESPONSE TO PLAINTIFFS' FORMER COUNSEL'S MOTION FOR LEAVE TO FILE A
MOTION FOR RECONSIDERATION