UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY PARHAM, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SEAN COMBS, et al.,<br><br>    Defendants. | Case No. 24-cv-07191-RFL<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 72 |

      This case arises from the alleged gang rape of Plaintiff Ashley Parham that occurred on March 23, 2018, in Orinda, California. Plaintiffs amended their complaint to add Drew Desbordes as a defendant to the lawsuit, and Desbordes subsequently moved for sanctions against Plaintiffs' then-counsel, Ariel Mitchell and Shawn Perez, under Federal Rule of Civil Procedure 11. (Dkt. No. 38.) After the lawsuit was filed, Desbordes's counsel sent Plaintiffs' counsel evidence showing that Desbordes was in Georgia at the time of the alleged rape. Desbordes's sanctions motion was denied on the basis that Plaintiffs' counsel had a reasonable basis to sue Desbordes at the time he was added to the complaint, but Plaintiffs' counsel was ordered to show cause why sanctions should not be issued for statements they made at the July 10, 2025 hearing that Plaintiffs were still intending to pursue their claims against Desbordes despite the new evidence received. (Dkt. No. 54.) Plaintiffs' counsel failed to respond to the order to show cause by the required date. On September 30, 2025, the Court granted Mitchell and Perez's motion to withdraw as Plaintiffs' counsel. (Dkt. No. 67.) Mitchell and Perez have now moved for leave to file a motion for reconsideration. (Dkt. No. 72 (the "Motion").) The Motion is **DENIED**.

      It is not clear exactly what ruling the Motion seeks to have reconsidered. The Court has

already ruled in Mitchell and Perez's favor as to Desbordes's original motion for sanctions. The newly discovered video evidence—in which Desbordes appears to admit that he does not have his own phone plan or pay his own phone bill but instead is, and always has been, on his grandmother's cellphone plan—does not change the Court's determination that there appeared to be a reasonable factual basis for naming Desbordes at the time that counsel filed the amended complaint. (*See* Dkt. No. 54 at 1.)[1]

To the extent that the Motion seeks reconsideration of the order to show cause, the Court has not entered a ruling as to that issue yet. Plaintiffs' counsel did not timely file a written explanation as required. The Motion will be construed as a belated response to the order to show cause. The Court will consider that evidence, along with Desbordes' response, in assessing the order to show cause. However, it is worth noting that the video at issue does not bear on what information Plaintiffs' counsel had at the time they made the statements at the hearing.

To the extent that the Motion seeks reconsideration of the decision to allow Mitchell and Perez to withdraw as Plaintiff's counsel, their original bases for withdrawal remain legitimate. But Mitchell and Perez may re-enter as Plaintiffs' counsel if Plaintiffs decide to re-retain them. Plaintiffs were ordered to have new counsel file a notice of appearance, or to provide a statement that they intend to proceed without an attorney, by October 30, 2025. (Dkt. No. 67.) That deadline remains in place.

**IT IS SO ORDERED.**

Dated: October 17, 2025

RITA F. LIN
United States District Judge

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.