UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY PARHAM, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SEAN COMBS, et al.,<br><br>    Defendants. | Case No. 24-cv-07191-RFL<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. Nos. 82, 83 |

    Plaintiffs have still not served the operative complaint on Defendants. This lawsuit began on October 15, 2024, when Plaintiff Ashley Parham first filed her complaint. (Dkt. No. 1.) Under Federal Rule of Civil Procedure 4(m), plaintiffs are required to serve defendants within 90 days after the complaint is filed. Parham missed that deadline. On January 14, 2025, the Court ordered her to complete service by February 14, 2025, and warned her that the case would be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b) if she did not complete service as required. (Dkt. No. 15.) At Parham's request, the Court granted an extension to allow filing of an amended complaint by March 7, 2025, and gave her another 90 days to complete service after that date. (Dkt. No. 17.) On March 7, she filed her amended complaint, which added two new plaintiffs, John and Jane Doe. (Dkt. No. 18.) Plaintiffs, however, again missed their deadline to serve the amended complaint. Accordingly, on August 20, 2025, the Court ordered Plaintiffs to file proof of service by September 18, 2025. (Dkt. No. 55.) The Court warned that "[c]laims against Defendants who have not been served or voluntarily dismissed by that date will be subject to dismissal pursuant to [Federal] Rule [of Civil Procedure] 41(b) for lack of prosecution without further notice." (Dkt. No. 55.) Plaintiffs again failed to meet that deadline. As of the date of this Order, Plaintiffs still have filed no proof of service indicating that any Defendant in this case has been served.

    The Court granted Plaintiffs' counsel's withdrawal motion on September 30, 2025, and

required that Plaintiffs have new counsel file an order of appearance or provide a statement that they intended to proceed without an attorney by October 30, 2025.  (Dkt. No. 67.)  The Court has since given Plaintiffs several time extensions to find new counsel.  (Dkt. Nos. 75, 80.)  The Doe Plaintiffs, who had initially failed to respond at all, were specifically warned again that failure to meet this deadline would result in dismissal under Rule 41(b) for failure to prosecute.  (Dkt. No. 78.)  The latest order extended the deadline to substitute counsel or state an intent to proceed without counsel to December 8, 2025.  (Dkt. No. 80.)  Plaintiffs still have not found counsel or stated their intent to proceed without representation.  Instead, Plaintiffs again requested yet more time.  (Dkt Nos. 82, 83.)  Plaintiffs say they have a variety of medical difficulties and safety concerns that make it hard to find counsel.  (Dkt. No. 82-2; Dkt. No. 82-3; Dkt. No. 83-2.)  However, it has been over two months since Plaintiffs' counsel's withdrawal, and Plaintiffs describe consulting an array of potential counsel, who have each declined to take the matter.  (Dkt. No. 75 at 2–3; Dkt. No. 83-2 at 1.)  The barrier to obtaining counsel therefore does not appear to be Plaintiffs' capacity to seek counsel, but the willingness of counsel to be retained in the matter.  There is no indication that this barrier is likely to resolve.

The Court has warned Plaintiffs several times that the case would be dismissed under Rule 41(b) if they continued to miss the required deadlines.  (*See, e.g.*, Dkt. Nos. 15, 55, 67.)  Because Plaintiffs have yet to serve any Defendants as required by the Court's August 20, 2025 order (Dkt. No. 55), and have failed to meet the December 8 deadline to either obtain counsel or state that they will proceed without an attorney, this matter is **DISMISSED** for failure to prosecute under Rule 41(b).  Dismissal is without prejudice, meaning that Plaintiffs are not barred from filing a new lawsuit if and when they find counsel, so long as other legal requirements are met.

Defendant Odell Bekham Jr.'s motion for sanctions (Dkt. No. 56) is **DENIED**.  At the time of filing the amended complaint, there did appear to be a reasonable factual basis to name Beckham as a defendant, for the same reasons as with Defendant Drew Desbordes.  (Dkt. No. 54 at 6.)  According to Plaintiffs' counsel, the Doe Plaintiffs stated that Beckham was present at the

time of Parham's assault and was being called by his middle name, Cornelius. (Dkt. No. 41 at 5.) Parham then independently chose the name Cornelius from a series of random names provided by counsel, and stated she had a solid memory of that name being used during the assault. (Dkt. No. 41 at 6.) She also identified Beckham's body type as looking familiar. (*Id.*)

"A claim that has some plausible basis, even a weak one, is sufficient to avoid sanctions under Rule 11." *Rattagan v. Uber Techs., Inc.*, No. 19-cv-01988-EMC, 2019 WL 3891714, at *2 (N.D. Cal. Aug. 19, 2019). Even if Beckham's participation is inconsistent with Parham's initial report from 2018 and sworn statement from 2019 concerning the alleged assault, Plaintiffs' counsel identifies plausible reasons why Parham may have been initially hesitant to name all of her alleged attackers. Moreover, there is no suggestion that prior to filing the amended complaint, Plaintiffs' counsel had access to any evidence affirmatively suggesting that Beckham was not present during Parham's assault. Thus, at the time of filing the amended complaint, Plaintiffs' counsel had conducted a reasonable inquiry and had developed facts to plausibly support the claims against Beckham.

The Court also declines to impose sanctions for Plaintiffs' counsel's statement at the hearing for Desbordes' motion for sanctions that Plaintiffs "have no desire to dismiss Mr. Desbordes" from the lawsuit, despite being aware of information suggesting that Plaintiffs' allegations regarding Desbordes likely lacked a factual basis. (Dkt. No. 54 at 4–5, 7.) There has been minimal litigation since Plaintiffs' counsel's statement, so the Court concludes that Plaintiffs have not continued to insist upon a position after it is no longer tenable. *See* Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendment.

The remaining motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: December 16, 2025

RITA F. LIN
United States District Judge